Board of Education of Bourbonnais School District No. 53, Kankakee County, Illinois, for the Use of Anning-Johnson Company, a Corporation, Plaintiff-Appellant, v. Hartford Accident and Indemnity Company, a Corporation, Defendant-Appellee.

Gen. No. 64–30.

Third District.

June 9, 1965.

Spray, Price, Townsend & Cushman, of Chicago (James T. Otis and John R. Mannix, Jr., of counsel), for appellant.

Edward D. Lapperre, of Chicago, for appellee.

CORYN, J.

Anning-Johnson Company (hereinafter sometimes called "plaintiff"), as subcontractor to William and Marcella Kirkland, d/b/a Auburn Construction Company (hereinafter sometimes called "Auburn"), filed

suit in the name of the Board of Education of Bour-
bonnais School District No. 53 (hereinafter sometimes
called "School District"), against defendant Auburn, as
general contractor to School District, and against de-
fendant Hartford Accident and Indemnity Company
(hereinafter sometimes called "Hartford"), as surety
for general contractor on a payment and performance
bond given by Auburn to the School District, pursuant
to §§ 15 and 16, ch 29, Ill Rev Stats. In its complaint
plaintiff sought recovery from defendants of the sum
of $9,600. It was stipulated in the trial court between
plaintiff and defendant, Hartford, that upon comple-
tion of its work under a subcontract with Auburn,
plaintiff delivered its partial waivers of lien to Auburn
certifying that plaintiff had been paid on account of
its claim for $9,600, the sum of $6,840, and that plain-
tiff to the extent of $6,840 released School District of
all plaintiff's right of lien against public moneys in
its hands. The stipulation then recited that irrespec-
tive of the foregoing statements contained in the par-
tial waivers of lien, plaintiff had in fact been paid no
part of its claim for $9,600.00 due under its subcon-
tract. Plaintiff and defendant, Hartford, further stipu-
lated that Auburn, by presentment of the waivers, was
enabled to and did receive a payment of $6,840 from
the School District, but that Auburn ever since has
refused and neglected to pay plaintiff anything.

By operation of law, the bond in question contained
the following language:

> "The principal and sureties on this bond agree to
> pay all persons, firms and corporations having
> contracts with the principal or with subcon-
> tractors, all just claims due them under the pro-
> visions of such contracts for labor performed or
> materials furnished, in the performance of the
> contract on account of which this bond is given,

*when such claims are not satisfied out of the con-
tract price of the contract* on account of which
this bond is given, *after final settlement* between
the officer, board, commission or agent of the
State or of any political subdivision thereof, and
the principal has been made." (Emphasis added.)
§ 15, ch 29, Ill Rev Stats.

Upon the foregoing stipulation and upon the cross
motions of plaintiff and defendant, Hartford, for sum-
mary judgment, and after continuing the cause gen-
erally as to defendant, Auburn, the trial court, on
January 20, 1964, entered judgment in favor of plain-
tiff and against defendant, Hartford, in the amount of
$2,760, which sum Hartford admitted owing. The judg-
ment held, in effect, that plaintiff is barred from re-
covery against Hartford on the performance bond to
the extent of amounts for which plaintiff delivered
partial waiver of lien. The trial court found that by
reason of plaintiff's conduct, its claim, to the extent
of $6,840, was not a just claim within the meaning of
the act in relation to bonds of contractors entering
into contracts for public construction. Ch 29, §§ 15,
16, Ill Rev Stats. Because of the additional finding
that no just reason exists for delaying appeal, plain-
tiff perfected this proceeding for review.

In Support of its prayer for reversal, plaintiff
argues that the Performance Bond Statute, Ill Rev
Stats c 29, § 15 (1963), provides an additional remedy
to subcontractors entirely independent of any rights
or remedies available by mechanic's lien under Ill
Rev Stats c 82, § 2 (1963). The trial court erred, plain-
tiff asserts, in holding that its release of lien rights
against the School District operated also as a bar to
recovery, pro tanto, against the surety on the per-
formance bond. The language of § 15 of Ill Rev Stats
c 29, is said by plaintiff to be a legislative expression
of a public policy that principals and sureties on a

bond given for a public·work are required to satisfy the claims of subcontractors without reference to whether the subcontractor asserts lien rights against public moneys. Otherwise, plaintiff argues, the language of the statute that the principal and surety should satisfy claims of subcontractors "when such claims are not satisfied out of the contract price" and "after final settlement" would be meaningless, for these recitations clearly contemplate that a surety is intended to be bound even though its rights of subrogation to assert a subcontractor's claim against moneys in the hand of a public body have been lost.

Defendant, Hartford, argues that the ruling of the trial court is correct, in that the partial waivers of lien delivered by plaintiff induced payment by the School District as plaintiff intended; that these waivers therefore operated as a relinquishment of rights to which defendant was entitled to be subrogated in the event of its payment to plaintiff; that defendant's position was materially prejudiced by this conduct of plaintiff which reduced the amount of public moneys available as security for defendant's commitment as surety; and that plaintiff's claim is not therefore a *just* claim within the meaning of said Payment Bond Statute.

In Alexander Lumber Co. v. Aetna Acc. & Liability Co., 296 Ill 500, 129 NE 371, it was held that where the bond of a building contractor covers obligations for material furnished for the building, a subcontractor supplier of material who refrained from filing a lien against a building fund for a portion of his claim, so that the right thereto was lost, to that extent released the surety on the bond. Such failure was held to be a violation of a duty arising from the relationship of surety and assured. "It is an equitable rule," said the court at page 509, "that where a creditor releases or permits to be lost a security for a debt, other sure-

ties are thereby released to that extent." In Northbrook Supply Co. v. Thumm Construction Co., 39 Ill App2d 267, 188 NE2d 388, plaintiff was a supplier to a subcontractor and had delivered lien waivers to the subcontractor by which the latter was enabled to obtain payment from the general contractor. When the subcontractor subsequently failed to pay the plaintiff, a complaint was filed against the surety on the general contractor's performance bond delivered in compliance with §§ 15 and 16 of c 29, Ill Rev Stats. Although the facts of this case are substantially different from those in the case at bar, the Appellate Court there held plaintiff's claim barred, not because the general contractor had paid the claim once and had not defaulted, but because plaintiff was estopped by its conduct and its claim was not therefore a just one. At 50 Am Jur, Suretyship, §§ 109, 110, it is stated that a surety by operation of principles of equity is entitled to be subrogated to the benefit of all the securities and means of payment under a creditor's control.

██ Defendant, Hartford, in the case at bar, by reason of the relationship of the parties here as surety and assured, had a right exercisable at any time, to pay plaintiff's claim and to be subrogated thereby to its rights of lien against public moneys in the hands of the School District. By extinguishing this right through the delivery of partial waivers certifying payment, which induced the release of public moneys, as plaintiff intended, plaintiff is estopped by its own conduct, pro tanto, from recovering against Hartford. We agree with the finding of the trial court that plaintiff's claim is not a *just* one within the meaning of the statute. Irrespective of whether the statute contemplates liability on the part of a surety in cases where final settlement may have been made, and rights of subrogation therefore lost, it is also evident that the claim asserted must be a just one. The statute does

not contemplate liability, in our judgment, in a case where a claimant has voluntarily prejudiced the rights of the surety.

The judgment of the trial court is accordingly affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.