229 So.2d 823 (1969)
EMPLOYERS MUTUAL CASUALTY CO.
v.
Delma G. MEGGS and Jerry W. Blaine, Minors.
No. 45551.
Supreme Court of Mississippi.
December 15, 1969.
Davidson & Beach, Stephen L. Beach, III, Jackson, for appellant.
John E. Shaw, Crawley, Brooks & Guyton, Chatwin M. Jackson, Kosciusko, for appellees.
GILLESPIE, Presiding Justice.
Employers Mutual Casualty Company (hereinafter Employers Mutual) sued Delma G. Meggs and Jerry W. Blaine to recover for damages to an automobile which was owned by Mrs. Elizabeth M. Collins (hereinafter Mrs. Collins) and insured against collision loss by Employers Mutual. It was alleged that the concurrent negligence of Meggs and Blaine proximately caused the damages to Mrs. Collins' automobile and that Employers Mutual, having paid Mrs. Collins for said damages, was assigned her claim. Blaine and Meggs filed separate answers and therein raised special matter consisting of a release from Mrs. Collins and her minor son, who was driving the Collins car at the time of the collision, to Blaine, a minor, and his parents. This instrument released Blaine and his parents from all damages for personal injuries and property damages arising from the collision. The special matter was heard separately before the trial of the cause as provided in Mississippi Code 1942 Annotated, Section 1475.5(1) (1956). After hearing the said special matter, the court dismissed the case as to both Blaine and Meggs. Therefrom, Employers Mutual perfected this appeal.
At the hearing on the special matter, neither Blaine nor Meggs offered testimony. Employers Mutual presented the only testimony at the hearing. Its adjuster stated *824 that Mrs. Collins had a $100 deductible, collision coverage insurance policy with Employers Mutual which, although not introduced, provided that upon payment of claim Employers Mutual was subrogated to the rights of Mrs. Collins. Mrs. Collins' claim was settled on July 19, 1965, for the net sum of $961.50. On that date Mrs. Collins executed a written assignment to Employers Mutual. On July 14, 1965, Employers Mutual wrote Jerry W. Blaine requesting that he complete an automobile accident report and return it to their office. The record does not reflect the particular type of form to which reference was made or whether it was ever completed and returned to Employers Mutual. On August 5, 1965, the adjuster wrote Jerry W. Blaine the following letter:
Re: A-613492
Jerry W. Blaine
vs.
Elizabeth M. Collins
D/A: 6-29-65
Dear Mr. Blaine:
Your accident with our assured resulted in damage amounting to $061.50 (sic).
Our investigation indicates this damage resulted from the negligent operation of your vehicle. Consequently, we request that you promptly send us your check in payment or contact us relative to amicable adjustment.
If you are insured we will be pleased to take the matter up with your insurer if you will advise us who to contact, giving us name, address and policy number.
On September 3, 1965, a settlement was made whereby for the payment of $3,000 Jerry W. Blaine and his parents were released by Mrs. Collins and her minor son from all liability arising out of the collision in which the latter received personal injuries and the insured vehicle belonging to Mrs. Collins was damaged. The adjuster further testified that Jerry W. Blaine's father told him that he (A.C. Blaine) knew of the rights of Employers Mutual but that he had "snuck in behind us and settled with the people."
The question as to whether the court was correct in dismissing the case as to Jerry W. Blaine is determined by whether or not Blaine had notice of Mrs. Collins' assignment of her claim to Employers Mutual. The letter of August 5, 1965, from Employers Mutual to Blaine is a clear and unmistakable demand for damages arising from the accident. Blaine could not have misunderstood who was the therein mentioned assured. The letter, however, did not state that Mrs. Collins had made an assignment to Employers Mutual. In our opinion the letters to Jerry W. Blaine and A.C. Blaine's statement to the adjuster were sufficient, absent any evidence to the contrary, to show that Jerry W. Blaine knew of Employers Mutual's right to Mrs. Collins' claim against him. As to notice the burden was on Employers Mutual. 6 Am.Jur.2d Assignments § 136, pp. 317-8 (1963). We are of the opinion that this burden was met and that Jerry W. Blaine had notice of Employers Mutual's rights in the claim. We, therefore, hold that the trial court erred in dismissing the claim against Blaine. As provided in Section 1475.5 when the defendant fails to sustain the plea of special matter when separately heard he shall nevertheless then have the right to a trial upon his answer as a whole. Thus, the case is remanded for trial on the answer as a whole.
It follows that the court also erred in dismissing the case as to Meggs for the reasons stated; also because the release provided that it "* * * is not in full accord and satisfaction of our (Mrs. Collins and her son) claim in its entirety, in that we have reserved and do hereby reserve all rights which we may have in the premises as against Delma G. Meggs, Clyde Meggs and wife, Mrs. Clyde Meggs." This Court has stated that:
Where one has a claim against two joint tort-feasors he may settle with one and execute a covenant not to sue, or execute *825 a release with a reservation to proceed against the other tort-feasor. (Lee v. Wiley Buntin Adjuster, Inc., 204 So.2d 479, 284 (Miss. 1967)).
The case is reversed as to Jerry W. Blaine and Delma G. Meggs and remanded for trial on their answers as a whole.
Reversed and remanded.
RODGERS, JONES, BRADY and SMITH, JJ., concur.