WILLIAM AUPPERLE & SONS, INC., Plaintiff-Appellant, *v.* AMERICAN INDEMNITY COMPANY, Defendant-Appellee.

Third District   No. 79-66

Opinion filed August 27, 1979.

Charles W. Kohr, of Mathis, Sloan, Littler & Kohr, of Peoria, and Wanless, P. C., of Morton, for appellant.

William J. Hacker, of Gilmartin, Wisner & Hallenbeck, Ltd., of Chicago, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal arises out of a decision by the circuit court of Peoria County granting defendant American Indemnity Company's motion to dismiss under section 48(1)(i) of the Illinois Civil Practice Act. The plaintiff, William Aupperle & Sons, Inc., argues before this court that the circuit court erred in allowing the motion to dismiss and further seeks relief by way of reversal.

On July 17, 1969, plaintiff entered into a written subcontract with Clyde Construction Company (hereinafter called Clyde) to furnish labor and materials for a four-apartment building complex in Peoria, Illinois, known as Royal Oaks Apartments. Clyde was the general contractor for the Royal Oaks complex and by the terms of the original subcontract the plaintiff was to be paid $32,000 with work to be completed by November 1, 1969. According to the allegations in plaintiff's complaint, after plaintiff had begun furnishing labor and material he was requested to undertake certain work which was not covered by the original subcontract. This contract oversight was called to the attention of Daniel Comm, the developer, architect and agent for the owners. Based upon an October 7, 1969, letter from Mr. Comm, plaintiff agreed to continue the job on a labor and materials basis and to perform in accordance with the direction of Wally Howe, the superintendent for Clyde. With the filing of this complaint plaintiff alleges that because of work and materials furnished to the Royal Oaks complex it was owed a total of $63,305.54, of which $29,820 has been paid, leaving a balance of $33,485.54.

Plaintiff previously sought to collect the aforementioned balance in an action to foreclose a mechanic's lien. That action, like the instant case, resulted in an appeal to this court. (*William Aupperle & Sons, Inc. v. American National Bank & Trust Co.* (1975), 28 Ill. App. 3d 573, 329 N.E.2d 458.) In that case the issue was the validity and effect of certain waivers of lien which had been executed by the plaintiff. We there determined that the lien waivers were a complete defense to the plaintiff's right of lien with respect to all but $1,657 of the balance which plaintiff claimed it was due.

Ten days following our disposition of the mechanic's lien foreclosure action plaintiff brought the instant action against the defendant.

Defendant issued a surety bond under which payment for labor and materials in connection with the construction of the Royal Oaks complex was guaranteed. The bonds were executed with Clyde and with American National Bank and Trust Company of Chicago, as trustee, under Trust No. 45645. Defendant's obligation under the bond was to:

> "* * * promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the contract * * *."

The defendant's surety responded to plaintiff's complaint with a motion to dismiss under section 48(1)(i) of the Civil Practice Act on the ground that plaintiff had impaired its alleged subrogation rights by giving a general release of its mechanic's lien right. The circuit court allowed this motion and denied a motion by plaintiff to vacate that order. This appeal followed.

■■ ■ The effect of the waiver and release of plaintiff's right to a mechanic's lien was to deny the surety the ability to assert its rights of subrogation by way of foreclosure. The law is well settled in Illinois, as elsewhere, that a subrogee (here the defendant) can have no greater right than the subrogor (here the plaintiff) and can enforce only such rights as a subrogor could enforce. (*McCormick v. Zander Reum Co.* (1962), 25 Ill. 2d 241, 184 N.E.2d 882.) Since we have previously determined that the subrogor has waived its right to a mechanic's lien, it follows that the subrogee's rights in that regard are likewise waived.

■■ ■ We agree with the defendant that the facts of this case closely parallel the facts from another case decided by this court in 1965. In *Board of Education v. Hartford Accident & Indemnity Co.* (1965), 60 Ill. App. 2d 320, 324, 208 N.E.2d 51, 54, the late Justice Coryn said:

> "By extinguishing this right [of subrogation] through the delivery of * * * waivers certifying payment * * *, plaintiff is estopped by its own conduct, pro tanto, from recovering against [the surety]."

We believe the rule announced by Justice Coryn, who followed the policies established by our supreme court in *Alexander Lumber Co. v. Aetna Accident & Liability Co.* (1921), 296 Ill. 500, 129 N.E. 871, should control our disposition of this case. Where in the context of a suretyship contract the rights of the surety to recover by means of subrogation are voluntarily waived and released, so too the rights of the subrogor to recover on the surety bond are waived and released to the same extent.

Plaintiff's conduct cannot be excused by alleging ignorance of the surety bond until after the execution of the lien waivers. As a practical matter, it works a dubious injury on plaintiff to deny it recovery from a fund which it did not know existed and which without the knowing protection of it willingly proceeded. As a legal matter, where plaintiff

holds itself out as a subcontractor on a project of this magnitude, it is not unprecedented to attribute to it certain skills and knowledge of the practices of its trade. (Ill. Rev. Stat. 1977, ch. 26, par. 2—104.) In this case, to attribute to plaintiff the knowledge as to the legal effect of lien waivers, both with regard to the foreclosure of the mechanic's lien and with regard to the possibility of recovery on a surety bond, results in no injustice.

In its brief plaintiff argues that an insurer who pays a loss to its policyholder, fails to give notice of its subrogation rights to the wrongdoer, and then obtains a general release from the policyholder, cannot assert its alleged subrogation rights against the wrongdoer. In support of that contention plaintiff cites *Employers Mutual Liability Insurance Co. v. American Protection Industries* (Colo. App. 1975), 531 P. 2d 983, and *Employers Mutual Casualty Co. v. Meggs* (Miss. 1969), 229 So. 2d 823. Plaintiff further urges that subrogation rights will be enforced against a wrongdoer who obtains a general release from the injured party with knowledge of the subrogation rights. As authority our attention is directed to *Home Insurance Co. v. Hertz Corp.* (1978), 71 Ill. 2d 210, 375 N.E.2d 115. We believe the authority cited by plaintiff and the rules of law that those authorities represent are not applicable to the facts of the case at bar. For the reason that liability insurance differs from suretyship, and for the reason that actions *ex delicto* differ from actions *ex contractu*, so the cases cited by the plaintiff differ from the facts of the case at bar. The rule for actions arising out of a suretyship contract is the rule set forth by Justice Coryn.

Finally, plaintiff asserts that subrogation is an equitable doctrine and should not be enforced under the facts of the case *sub judice* because it would be inequitable to do so. Where the plaintiff has released any and all claims which it may have for labor or materials (*William Aupperle & Sons, Inc. v. American National Bank and Trust Co.* (1975), 28 Ill. App. 3d 573, 329 N.E.2d 458), we cannot agree that it is inequitable to bar the plaintiff from seeking to collect for additional claims.

For the reasons set forth above we affirm the decision of the circuit court of Peoria County to the extent that plaintiff has previously waived and released its lien rights. Inasmuch as we have previously determined that plaintiff has not waived its lien for $1,657 (*William Aupperle & Sons, Inc. v. American National Bank & Trust Co.*), we reverse the order of the circuit court to the extent that it precludes recovery for that amount and remand the cause for further consideration not inconsistent with the views expressed herein.

Affirmed in part; reversed in part; remanded.

STOUDER, P. J., and BARRY, J., concur.