**R.J. "Buck" CHISOLM, Appellant,**

v.

**Courts K. CLEVELAND, Jr., Appellee.**

**No. 2-87-054-CV.**

Court of Appeals of Texas,
Fort Worth.

Dec. 16, 1987.

McMillan & Lewellen, P.C., and Gary Lewellen, David E. Moore and Martin L. Peterson, Stephenville, for appellant.

Hughes & Hughes, and John D. Hughes, Granbury, for appellee.

Before BURDOCK, HILL and LATTIMORE, JJ.

### OPINION

HILL, Justice.

R.J. "Buck" Chisolm appeals a judgment in favor of Courts K. Cleveland, Jr., the appellee, in the amount of $9,885.00 plus attorney's fees, following a jury trial for breach of an oral contract to purchase cattle feed.

In seven points of error, Chisolm urges that the trial court erred by: entering judgment on the jury's finding that the parties entered into an oral contract for the sale of green chop (a farm crop used as cattle feed), for the reason that there is no evidence or factually insufficient evidence to support the jury's finding; entering judgment on the jury's finding that both acted as "between merchants," as defined, in the sale of the green chop, also for the reason that there is no evidence or factually insufficient evidence to support the finding; failing to reduce the amount of damages, because the damages found by the jury are excessive; submitting erroneous instructions, definitions, or special issues; and admitting a weigh ticket into evidence, for the reason that the evidence was inadmissible hearsay.

We reverse and render judgment that Cleveland take nothing by his suit, because the oral contract in question is not enforceable by virtue of the Texas Statute of Frauds, section 2.201 of the Texas Business and Commerce Code, and because Chisolm's failure to respond within ten days to a writing confirming the contract did not remove the contract from the statute of frauds since there was no evidence to support the jury's finding that Chisolm is a merchant within the meaning of TEX.BUS. & COM.CODE ANN. sec. 2.201(b) (Tex. UCC) (Vernon 1968).

Cleveland sought to enforce an oral contract with Chisolm, a dairy farmer, for the purchase of 1½ bags of green chop, which is a feed crop, for the price of $6,000.00 per bag. Chisolm wanted to purchase by weight, while Cleveland wanted to sell by volume (per bag). After the sale, Cleveland sent Chisolm a written confirmation of the contract, to which Chisolm did not respond within ten days. The terms stated by Cleveland called for price by volume. When the feed was delivered, Chisolm testified he understood the truck driver to say Cleveland had agreed to Chisolm's terms of sale by weight. Such was not the case and when Chisolm balked at paying per volume, this suit resulted.

Testimony reflected that Chisolm was a dairyman who sought to raise his own dairy feed. The evidence reflected that he had been a dairyman for thirteen years at the time of the transaction and that he had purchased feed in 1983 and a little feed in 1984. He acknowledged that if he did not anticipate raising enough feed that he would try to purchase enough feed to carry him through. Although Chisolm had raised and bagged green chop, there was no testimony that he had ever bought or sold any.

In point of error number three, Chisolm asserts that there is no evidence to support the jury's finding that both Chisolm and Cleveland acted as "between merchants" in the sale of the green chop.

If Courts K. Cleveland, Jr. can establish the existence of an oral contract, he can enforce that contract regardless of the Statute of Frauds, if he can show that the transaction fell within section 2.201(b) of the Texas Business and Commerce Code. Section 2.201(b) provides that the Statute of Frauds is satisfied if the contract is between merchants, and if a writing confirming the contract is sent within a reasonable time and the party receiving it has reason to know its contents and does not give written notice of objection within ten days of receipt. Whether the transaction falls within section 2.201(b) depends upon whether R.J. "Buck" Chisolm was a "merchant" within the meaning of the section.

"Merchant" was defined by the court as "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction...." This definition is taken from the longer definition of merchant found in section 2.104(a) of the Texas Business and Commerce Code. Additional portions were apparently omitted due to their lack of relevance. *See* TEX.BUS. & COM.CODE ANN. sec. 2.104(a) (Tex.UCC) (Vernon 1968).

The purpose of this definition of "merchant" is to distinguish professionals in a given field from a casual or inexperienced seller or buyer. TEX.BUS. & COM.CODE ANN. sec. 2.104 comment 1 (Tex.UCC) (Vernon 1968). If Chisolm were a merchant, then section 2.201(b) of the Texas Business and Commerce Code would hold Chisolm to the oral contract with Cleveland according to the terms stated in Cleveland's letter of confirmation unless Chisolm disputed those terms in writing within ten days. The evidence was clear that Chisolm did not dispute Cleveland's terms or respond to the bill in any manner. The evidence here did not show that Chisolm had ever bought and sold green chop, and the evidence showed that he only occasionally bought other types of feed for his cattle, in years when he anticipated that the amount of feed that he had raised would not be sufficient. This evidence establishes that Chisolm is a casual or inexperienced buyer, not that he was a professional buyer or seller of green chop, or any other kind of cattle feed. Since he was only a casual or

inexperienced buyer or seller, as opposed to a professional, he was not a merchant as defined by section 2.104(a). *See* comment to section 2.104(a).

Since Chisolm was not a merchant, as defined by section 2.104(a), his failure to respond to the written confirmation of the contract within ten days did not remove the contract from the application of the Statute of Frauds. Thus, Courts K. Cleveland, Jr. must establish a written contract with R.J. "Buck" Chisolm before he can enforce it. TEX.BUS. & COM.CODE ANN. sec. 2.201(a) (Tex.UCC) (Vernon 1968).

Cleveland relies on the opinion of the Texas Supreme Court in *Nelson v. Union Equity Co-op. Exchange*, 548 S.W.2d 352 (Tex.1977). The facts in *Nelson*, however, are distinguishable from the facts in this case. *Nelson* involved an oral contract for the sale of wheat. *Id.* at 353. The evidence showed that Nelson was a wheat farmer who kept up with the price of wheat by radio every day. He raised his own wheat, brought in one crop a year, and sold it himself. *Id.* at 355. In the five years preceding trial, he sold the wheat to a milling company. His occupation was that of a wheat farmer. *Id.* As we have previously stated, the evidence in this case shows that Chisolm is a dairy farmer who is only a casual, inexperienced buyer of feed. We sustain point of error number three.

In view of our determination of point of error number three, we need not consider the remaining points of error.

We reverse and render judgment that Courts K. Cleveland, Jr. take nothing by his suit.