645 So.2d 947 (1994)
S. Frederick ELLIS, Liquidator, a Representative of Champion Insurance Company in Liquidation
v.
Wilburn W. POWE.
91-CA-0990.
Supreme Court of Mississippi.
November 17, 1994.
*948 John L. Hunter, Cumbest Cumbest Hunter & McCormick, Pascagoula, for appellant.
Brett K. Williams, Colingo Williams Heidelberg Steinberger & McElhaney, Pascagoula, Jennifer L. Smith, Nashville, TN, for appellee.
Before HAWKINS, C.J., and ROBERTS and SMITH, JJ.
JAMES L. ROBERTS, Jr., Justice, for the Court:

I.

INTRODUCTION
Champion Insurance paid its insured, Pollara, $8,906 for property damage to his vehicle arising out of an automobile accident between Powe and Pollara. Ellis, a representative of Champion Insurance Company in liquidation, filed suit in Jackson County Circuit Court against Powe seeking reimbursement for payment Champion made to its insured. Powe filed a motion for summary judgment, and a hearing on the motion was heard in the Jackson County Circuit Court. Based on a previous settlement and release between Powe and Pollara in a suit for damages arising out of the same accident, the trial court held that Champion's claim was barred and granted Powe's motion for summary judgment. Ellis, the representative for Champion Insurance, appealed, assigning the following errors:
A. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BY FINDING THAT THE INSURED OF CHAMPION INSURANCE RELEASED CHAMPION'S SUBROGATION RIGHTS.
B. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT.
Finding the trial court erred in granting summary judgment, we reverse and remand for trial.

II.

FACTS AND PROCEDURAL HISTORY
On October 19, 1987, an automobile accident occurred between Wilburn W. Powe and Frank Pollara. Powe filed suit against Pollara for damages resulting from this accident in the Jackson County Circuit Court on April 2, 1988. John L. Hunter was retained by Pollara and his liability carrier, Champion Insurance Company, to represent the interests of Pollara and Champion in this action. On August 11, 1988, Pollara, through his attorney, Mr. Hunter, answered the complaint and counterclaimed, alleging negligence. The cause was stayed on August 8, 1989, for a sixty (60) day period because Champion Insurance Company was placed into liquidation in the State of Louisiana.
After two years of litigation, the parties entered into a settlement agreement on February 13, 1990. Pollara received $1,250 in settlement of his counterclaim against Powe and executed a release of all claims against *949 Powe and Colonial Insurance Company. Paragraph one of the release stated in part:
Frank Pollara, for and in consideration of One Thousand Two Hundred Fifty Dollars ($1,250.00), cash in hand paid, and other good and valuable considerations, receipt whereof is hereby acknowledged, does hereby and for his heirs, executors, administrators, successors, and assigns, release, acquit and forever discharge Wilburn W. Powe and Colonial Insurance Company, their agents, servants, successors, heirs, executors, administrators, or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has or which may hereinafter accrue on account of or in any way growing out of any and all known or unknown, foreseen and unforeseen bodily and personal injuries and property damages growing out of or as a consequence thereof resulting or to result from the accident which occurred on October 19, 1987, on Highway 90 in Jackson County, Mississippi. (emphasis added)
Paragraph five of the release stated:
Nothing contained herein shall be construed in any way to infringe upon or release any claim either by operation of law or contract of any subrogatees [sic] not a party to this Release.
Powe received $2,500 in settlement of his claim against Pollara and executed a release of all claims against Pollara and Champion Insurance Company. The release executed by Powe was worded essentially the same as Pollara's release with the exception that it did not contain the language set out in paragraph five. A Joint Order of Dismissal With Prejudice was entered on April 5, 1990.
On November 30, 1990, Ellis, a representative of Champion Insurance Company in liquidation, filed suit in Jackson County Circuit Court against Powe seeking reimbursement for payment in the amount of $8,906 to Pollara for property damage to Pollara's vehicle arising out of the same accident at issue in the settlement between Pollara and Powe. This lawsuit was filed and signed by John Hunter as counsel for Champion Insurance. Powe, through his attorney Brett Williams, filed his answer, asserting the release executed by Pollara as a defense to the action. Williams, along with Michael McElhaney, had represented Powe in the initial lawsuit between Powe and Pollara.
On July 16, 1991, Powe filed a motion for summary judgment, and a hearing on the motion was heard in the Jackson County Circuit Court on August 26, 1991. Powe argued that the suit was barred on the basis of the doctrines of res judicata, collateral estoppel, waiver and release. Neither party presented testimony. Powe provided the court with the releases signed in settlement of the previous action between Powe and Pollara along with the order dismissing that cause. Champion Insurance presented the court a subrogation assignment, dated November 10, 1987, executed by Pollara to Champion Insurance, and the affidavit of John Hunter.
In his affidavit, dated July 25, 1991, Hunter, counsel for Pollara and Champion, stated that he informed Powe's attorney, Michael McElhaney, that any settlement of the claims for personal injuries would not affect or release the subrogation interest of Champion Insurance Company. The affidavit also stated that Hunter told Powe's counsel that because Champion Insurance was insolvent, he could not obtain authority from them to release any claim which they had as a result of their subrogation interest. Hunter further claimed that all this information was conveyed to Powe's attorney, McElhaney, prior to the settlement of the suit between Powe and Pollara. According to Hunter, the release executed by Pollara "was specifically written so as to preserve all subrogation interest of any party not specifically joining in the release."
On August 13, 1991, Powe filed the affidavit of counsel Michael McElhaney denying the allegations in Hunter's affidavit. He stated that he only met with Hunter on one occasion for about five minutes and that at no time did Hunter mention anything about an assignment by Pollara of his claim to Champion Insurance. McElhaney further stated that he was never aware of any such assignment and that he never received a copy of *950 any assignment. He understood the release as executed to be a full and complete release of all causes of action arising out of the accident.
Champion argued that summary judgment was not proper because genuine issues of fact existed as to whether or not Pollara actually waived Champion's right of action against Powe and whether he even had authority to do so. The judge ruled that neither of those issues were material until and unless Champion met its burden of proving that Powe had the necessary notice of such claim prior to settlement as required under Mississippi case law.
The trial judge found that Powe's counsel was not provided a copy of the subrogation assignment until July 25, 1991. Although Pollara's attorney said he gave notice to Powe's attorney that he had no authority to release the subrogation interest of Champion, Powe's attorney denied this knowledge. The judge ruled that Champion was barred as a matter of law from pursuing any claims against Powe for property damage arising out of the accident since Champion failed to establish that Powe had notice and knowledge of Champion's rights under the subrogation agreement at the time of the settlement and dismissal of the original suit between Powe and Pollara. The trial judge held that the release barred the subrogation claim of Champion and that there was no material issue of disputed fact. Powe's motion for summary judgment was granted by the trial court on September 11, 1991. Ellis, the representative for Champion Insurance in liquidation, timely filed a notice of appeal on September 27, 1991.

III.

STANDARD OF REVIEW
In determining whether the trial court properly granted a motion for summary judgment, this Court conducts a de novo review of the record. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss. 1993); Mantachie Natural Gas District v. Mississippi Valley Gas Company, 594 So.2d 1170, 1172 (Miss. 1992).
A trial court may grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56. A fact is material if it "tends to resolve any of the issues, properly raised by the parties." Webb v. Jackson, 583 So.2d 946, 949 (Miss. 1991) (citing Mink v. Andrew Jackson Casualty Ins. Co., 537 So.2d 431, 433 (Miss. 1988) (quoting Mississippi Road Supply v. Zurich-American Insurance Co., 501 So.2d 412, 414 (Miss. 1987))). The evidence must be viewed in the light most favorable to the non-moving party. If, in this view, the moving party is entitled to a judgment as a matter of law, then summary judgment should be granted in his favor. Otherwise, the motion should be denied. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983).
Morgan v. City of Ruleville, 627 So.2d 275, 277 (Miss. 1993).
Where doubt exists as to whether there is a genuine issue of material fact, the trial judge should err on the side of denying the motion and permitting a full trial on the merits. Where the record is incomplete regarding any material fact, the summary judgment motion should generally be denied. American Legion Ladnier Post 42, Inc. v. City of Ocean Springs, 562 So.2d 103, 106 (Miss. 1990).
The comment to Rule 56 of the Mississippi Rules of Civil Procedure states in part:
A motion for summary judgment lies only when there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried. Given this function, the court examines the affidavits or other evidence introduced on a Rule 56 motion simply to determine whether a triable issue exists, rather than for the purpose of resolving that issue.

*951 IV.

DISCUSSION OF THE ISSUES

A. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BY FINDING THAT THE INSURED OF CHAMPION INSURANCE RELEASED CHAMPION'S SUBROGATION RIGHTS.
In addressing the law of subrogation, this Court has reiterated the following definition:
Subrogation is the substitution of one person in the place of another, whether as a creditor or as the possessor of any rightful claim, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and to its rights, remedies, or securities.
St. Paul Property & Liability Insurance Company v. Nance, 577 So.2d 1238, 1240-1241 (Miss. 1991) (quoting Indiana Lumbermen's Mutual Insurance Company v. Curtis Mathes Manufacturing Company, 456 So.2d 750, 754 (Miss. 1984)). The subrogee steps into the shoes of the subrogor and obtains only those rights possessed by the subrogor and assigned to the subrogee. Nance, 577 So.2d at 1241.
In 46A C.J.S. Insurance § 1472 (1993), the general law regarding an insurance company's subrogation rights is well summarized.
The insurance company's right of subrogation is not destroyed when insured settles with the tort-feasor after receiving payment from the insurance company if the tort-feasor had actual or constructive knowledge of the payment and the right of subrogation ... On the other hand, the insurance company's right of subrogation is destroyed when insured settles with the tort-feasor after receiving payment from the insurance company, if the tort-feasor had no notice or knowledge of the payment or of the insurance company's subrogation claim. It has been held that between an insurance company acquiring a claim by subrogation which fails to notify the tort-feasor thereof, and a tort-feasor failing to inquire as to the existence of insurance coverage, the loss should fall upon the former.
This Court applied those principles in Employers Mutual Casualty Co. v. Meggs, 229 So.2d 823 (Miss. 1969). In Meggs, the insurance company paid its insured for property damages arising out of an automobile accident. Having paid the insured for damages, the insurance company obtained a written assignment of the claim. The insured subsequently filed suit against the tortfeasor and entered into a settlement and executed a written release for personal injury and property damages arising from the accident. The insurance company then filed suit against the tortfeasor to recover for damages to its insured's automobile. Based on the settlement and the release executed by the insured, the trial court dismissed the insurance company's suit against the tortfeasor. This Court found the determinative issue on appeal to be whether or not the tortfeasor had notice, prior to settlement with the insured, of the insured's assignment of her claim to the insurance company.
In Meggs, prior to the settlement between the insured and the tortfeasor, the adjuster for the insurance company wrote the tortfeasor a letter demanding payment for damages. However, the letter did not state that the insured had assigned her claim to the insurance company. In addition to the letter, the father of the tortfeasor, a minor, told the adjuster that he knew of the rights of the insurance company but that he had "snuck in behind us and settled with the people anyway." This Court found that statement along with the letter sufficient, absent any evidence to the contrary, to show the tortfeasor knew of the insurer's right of claim against him. We held the insurance company carried the burden of showing the tortfeasor had notice, prior to settlement with the insured, of the assignment of its insured's claim to the insurer. In that case, we found the insurance company met its burden. Accordingly, the trial court erred in dismissing the insurer's claim against the tortfeasor, and we remanded the case for a trial.
The facts in Meggs are distinguishable from the case sub judice. In Meggs, the insurer sent a demand letter directly to the *952 tort-feasor, prior to the settlement and release, indicating the amount of damage incurred by its insured in the accident and demanding payment from the tort-feasor. In this case, Champion never sent a formal demand letter or any other letter to Powe prior to the settlement and release. A copy of the subrogation assignment was not furnished to Powe or his attorneys until more than one year after the settlement and release. Powe argues that Champion never formally advised Powe of its subrogation rights.
In the case sub judice, the ultimate issue is whether Powe had notice of Pollara's assignment of his claim for property damage to Champion Insurance prior to entering into the settlement with Pollara and the execution of the releases. If Powe had such notice, prior to the release and settlement of his claim with Pollara, then Champion's claim for property damage was not barred and summary judgment should not have been granted. If Powe did not receive notice of Champion's subrogation assignment prior to settlement with Pollara, then Champion's claim against Powe was barred.
Champion points to the clause in the release executed by Pollara which reads:
Nothing contained herein shall be construed in any way to infringe upon or release any claim either by operation of law or contract of any subrogatees [sic] not a party to this Release.
Champion argues this clause constituted sufficient notice to Powe that a separate cause of action existed that was not effected by the release. Champion also contends that the release, along with Hunter's affidavit, sufficiently establish that Champion's claim was not waived in the release.
Powe contends that he obtained a full release from Pollara for any and all claims arising out of the accident without any knowledge or notice of Champion's payment and subrogation rights. No evidence was presented by Champion to show that Powe was ever formally advised, in writing, of Champion's subrogation rights. Powe argues that the release clause excepting claims of subrogees was not sufficient to put Powe on notice of Champion's assignment.
Meggs places the burden on Champion to establish that notice of its claim was given to Powe prior to the settlement and release between Powe and Pollara. The material issue before the trial court was whether Powe had notice of Champion's assignment claim prior to entering into the settlement and release with Pollara. Although Powe was not provided a copy of Champion's subrogation assignment until after the settlement and release, Hunter's affidavit and the release executed by Pollara raised sufficient question as to whether Powe's attorneys were put on notice of Champion's assignment prior to the settlement. Where material facts are in dispute, summary judgment should not be granted.

B. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT.
The party moving for summary judgment has the burden to establish that there is no genuine issue of disputed material fact. The benefit of doubt as to whether there is a genuine issue of fact is given to the non-moving party. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983). However, the party opposing the motion is required to provide "significant probative evidence demonstrating the existence of the triable issue of fact." Id. at 364 (citing Union Planters National Leasing, Inc. v. Woods, 687 F.2d 117, 119 (5th Cir.1982)). "Mere allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." Brown, 444 So.2d at 364 (quoting Liberty Leasing Co. v. Hillsum Sales Corporation, 380 F.2d 1013, 1015 (5th Cir.1967)).
Champion submits that if the release was found to be ambiguous, the court should have considered parol evidence and allowed a finder of fact to determine the intent of the parties to the release. The meaning and effect of a contract are matters of law which may be determined by the court where the contract is clear and unambiguous. However, "where the contract is ambiguous and its meaning uncertain, questions of fact are presented which are to be resolved by the trier *953 of facts after plenary trial on the merits." Dennis v. Searle, 457 So.2d 941, 945 (Miss. 1984). "The interpretation of an unclear contract generally involves questions of fact sufficient so that our summary judgment procedure will be an inappropriate vehicle for final decision." Id.
Champion points to the trial judge's finding that the paragraph in the release relied upon by Champion was ambiguous at the very least and did not rise to the level of notice required under Meggs. It is true that the release clause relied upon by Champion may not constitute sufficient notice to Powe of Champion's claim. However, the ambiguity in the release resulting from conflicting clauses created a genuine issue of material fact as to whether Champion provided Powe with notice of its assignment prior to the settlement and release between Powe and Pollara.
Champion also directs attention to a statement in the findings of fact where the judge said:
After careful evaluation of the arguments and evidence presented, it is the opinion of this court that evidence was presented by the defendant to contradict Champion's position that Powe had notice of the claim against him.
The judge's statement recognizing the ambiguity in the release, along with this statement acknowledging that the affidavits of the parties' attorneys evidenced disputed facts, clearly showed that disputed issues of fact existed concerning whether Powe had notice of Champion's claim prior to settlement with Pollara. Where disputed issues of material fact exist, summary judgment is not proper.
In Dennis v. Searle, 457 So.2d 941 (Miss. 1984), this Court reversed a summary judgment, holding that:
Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says just the opposite. Issues of fact, as a matter of proper construction of Rule 56, also exist where there is more than one interpretation that may be give undisputed testimony, where materially differing but nevertheless reasonable inferences may be drawn from the uncontradicted facts, or where the purported establishment of the facts has been sufficiently incomplete or inadequate that the trial judge cannot say with reasonable confidence that the full facts of the matter have been disclosed.
Dennis, 457 So.2d at 944.
In McMullan v. Geosouthern Energy Corporation, 556 So.2d 1033 (Miss. 1990), this Court reversed a summary judgment because material fact issues existed concerning representations made by the parties' attorneys in negotiating a settlement. The settlement in that case was claimed to have been induced by statements made by the parties' attorneys.
Powe had the burden on his summary judgment motion to establish that there was no genuine issue of material fact. Powe failed to overcome that burden. The conflicting affidavits of Champion's and Powe's attorneys, along with the clauses in the release executed by Pollara, presented disputed facts that were material in determining whether Powe had notice of Champion's claim at the time he settled with Pollara. As genuine issues of material fact were present, the trial court erred in granting summary judgment.

V.

CONCLUSION
Under Meggs, the burden is on Champion to establish that notice of its claim was given to Powe prior to the settlement and release between Powe and Pollara. Whether Champion met this burden was a material fact presented to the trial court. The release as executed by Pollara and the conflicting affidavits of Powe's and Champion's attorneys established the existence of disputed facts which were material in determining whether Powe had notice of Champion's claim at the time he settled with Pollara. The trial court erred in granting summary judgment where such genuine issues of material fact existed. Accordingly, we reverse the summary judgment and remand for trial.
*954 REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THE OPINION OF THIS COURT.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS and SMITH, JJ., concur.
McRAE, J., concurs with separate written opinion.
McRAE, Justice, concurring:
I agree with the majority's holding that the release as executed by Pollara and the conflicting affidavits of Powe's and Champion's attorneys established the existence of disputed facts which were material in determining whether Powe had notice of Champion's claim at the time he settled with Pollara. Therefore, the reversal of the summary judgment and remand for a trial is correct. I write separately only to add that if this Court had not held a direct action against an insurance company can not be initiated, this entire cause of action would not have occurred.
Prior to the promulgation of the Mississippi Rules Civil Procedure, this Court prohibited a direct action against insurance companies. See Cook v. State Farm Ins. Co., 241 Miss. 371, 128 So.2d 363 (1961). In Herrin v. Daly, 80 Miss. 340, 31 So. 790 (1902), this Court precluded even mentioning that a defendant was insured. The Mississippi Rules of Civil Procedure were later established, and Rule 18(b) of the Mississippi Rules of Civil Procedure states, in pertinent part:
Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to conclusion, the two claims may be joined in a single action.
M.R.C.P. 18(b). The official comment thereto provides:
Rule 18(b) permits a party to join two claims even though if they were asserted independently it would be necessary to prosecute one of them successfully before proceeding to the adjudication of the other .. . The basic purpose of the rule is to reinforce the notion that a party should be entitled to obtain in a single action all the relief to which he is entitled.
However, this Court continued its wrongful interpretation of this question when it held in Clark v. City of Pascagoula, 507 So.2d 70 (Miss. 1987) that, "the rule in this State is that there is no right of direct action against an insurer." Clark, 507 So.2d at 77. See Hunt v. Preferred Risk Mutual Ins. Co., 568 So.2d 253, 255 (Miss. 1990); Westmoreland v. Raper, 511 So.2d 884, 885 (Miss. 1987).
The Mississippi Rules of Civil Procedure were promulgated to effectuate judicial economy. Had the insurance companies been parties to this action, the lawsuit and subsequent appeal would not exist since all would have known exactly what the settlement terms were. Accordingly, the purpose of M.R.C.P. 18(b) is not being fulfilled.