124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry D. DAVIS, Sr., Plaintiff-Appellant,
v.
FLAGSTAR COMPANIES, et al., Defendants-Appellees.
 No. 96-2956.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided June 24, 1997.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 95 C 5582; Robert W. Gettleman, Judge.
 
 ORDER
 
 1
 In or around 1991 Larry Davis began a business to find and organize opportunities for economically disadvantaged minority farmers. Davis claims that he and the defendants had several conversations during the end of 1994 in which they discussed the possibility of Davis' company coordinating the supply of vegetables to the defendants. Davis asserts that they subsequently entered into an oral agreement in January 1995 under which Davis would sell 500,000 cases of white potatoes to the defendants. A purchasing agent from Flagstar who had met with Davis in January sent a letter to Davis in early February enclosing a copy of Flagstar's produce product specifications and a supplier profile questionnaire, and stating that he looked forward to receiving the "growing schedule" which they had discussed at the meeting. Davis responded in early March with a growing schedule and delivery dates "per [their] agreement" as well as the projected annual volume for white potatoes which would be required by the defendants. Davis never received a reply to this letter and he claims that further attempts to set up another meeting regarding the alleged oral agreement were rebuffed by the defendants.
 
 
 2
 Davis brought suit in federal court under diversity jurisdiction alleging breach of contract and fraud, and seeking damages of $5,000,000. In May 1996 the defendants filed a motion for summary judgment asserting that the statute of frauds precluded enforcement of any oral agreement. Davis responded asserting that because both parties were merchants and because he had sent a confirmation letter which was not disputed by the defendants, then the statute of frauds did not apply. The district court granted the defendants' motion for summary judgment stating that while it might find Davis to be a merchant in a transaction for supplying marketing research data, he was not a merchant regarding the sale of potatoes. Davis appeals contending that the district court erred in concluding that Davis was not a merchant regarding the sale of potatoes as it is defined for purposes of the "merchant exception" to the statute of frauds.
 
 
 3
 The question whether a party may be considered a merchant for purposes of the Uniform Commercial Code is a question of law. County of Milwaukee v. Northrop Data Systems. Inc., 602 F.2d 767 (7th Cir.1979). The Illinois Commercial Code provides that any oral contract for the sale of goods over $500 is not enforceable. 810 ILCS 5/2-201 (1). However:
 
 
 4
 Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies [the statute of frauds] against such party unless written notice of objection to its contents is given within 10 days after it is received.
 
 
 5
 810 ILCS 5/2-201(2). The defendants assert that Davis is not a merchant and thus that the "merchant exception" is not applicable in the present case.[1]
 
 
 6
 Section 5/2-104 defines "merchant" as "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction." 810 ILCS 5/2-104(1). Illinois case law sheds little light on how an Illinois court would decide the issue.[2] The cases cited by defendants and the district court deal with the definition of merchant as one "who deals in goods of the kind." Big Farmer, Inc. v. Agridata Resources, Inc., 581 N.E.2d 783, 785 (Ill.App.Ct.1991); Peoria Harbor Marina v. McGlasson, 434 N.E.2d 786, 790 (Ill.App.Ct.1982). We agree that Davis did not deal in the sale of potatoes.
 
 
 7
 However, a party asserting the merchant exception need not regularly sell the kind of goods that are the subject of the transaction. A party may also be a merchant because he "by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction." 810 ILCS 5/2-104(1) (emphasis added); see also 1A Ronald A. Anderson, Anderson on the Uniform Commercial Code, § 2-104:31, at 587 (3d ed. 1996) ("Specialized knowledge of the goods is not an exclusive test and a person may be a merchant under the alternative standard of having knowledge of business practices."). We have located only one case in Illinois which mentions this specific portion of the definition of "merchant" under 5/2-104; however, the court mentioned this section of the code in a cursory manner and regarding a different point than the one we address here. William Aupperle & Sons, Inc. v. American Indemnity Co., 394 N.E.2d 725, 727 (Ill.App.Ct.1979) (citing 5/2-104 and stating "[a]s a legal matter, where plaintiff holds itself out as a subcontractor on a project of this magnitude, it is not unprecedented to attribute to it certain skills and knowledge of the practices of its trade.").
 
 
 8
 The Comment portion of the Illinois Code provides some guidance when it indicates that the special provisions applicable to merchants become relevant in three different situations, including the statute of frauds. Specifically, the Comment states that:
 
 
 9
 Section[ ] 2-201(2), ... dealing with the statute of frauds, ... rest[s] on normal business practices which are or ought to be typical of and familiar to any person in business. For purposes of [this] section[ ] almost every person in business would, ..., be deemed to be a 'merchant' under the language 'who ... by his occupation holds himself out as having knowledge or skill peculiar to the practices ... involved in the transaction' since the practices involved in the transaction are non-specialized business practices such as answering mail.
 
 
 10
 810 ILCS 5/2-104, cmt. 2. See also County of Milwaukee, 602 F.2d at 772-73 (stating that county's argument that it was not a merchant under Wisconsin law because it was not engaged in the manufacture of laboratory computer systems and sought only to purchase a system "ignores the broad U.C.C. definition of a merchant"); Heinrich-Titus-Will Sales, 868 P.2d 169, 173-74 (Wash.Ct.App.1994) (stating that "it is not necessary to possess an inventory to fit within the broad statutory definition of merchant" and holding that automobile broker/dealer "was a merchant who dealt in automobiles; he held himself out as a dealer in automobiles and appeared to be a dealer in automobiles [and][b]oth parties treated him as one.").[3]
 
 
 11
 Under this broad definition, Davis properly could be characterized as a merchant. In County of Milwaukee, 602 F.2d at 772, this court addressed whether the county of Milwaukee was a merchant for purposes of the U.C.C. when it purchased a computerized laboratory information system. The County asserted that it was not a merchant because "it [was] not engaged in the manufacture, sale or marketing of a laboratory systems or other products, but is engaged in the procurement of supplies, materials, and equipment for the operation of the hospital." Id. at 772-73. This court stated that this position "ignore[d] the broad U.C.C. definition of a merchant." Id. It stated that the facts indicated that the County "[a]rguably '[held] (itself) out as having knowledge or skill peculiar to the practices (or goods) involved int he transaction' because the bid itself indicate[d] knowledge peculiar to the goods being solicited by the County." Id. at 772. This court concluded that this reasoning was incorporated into the third definition of merchant, that the County's use of an agent who held himself out as having knowledge and skills peculiar to the goods or practices involved in the transaction "allowed the attribution of his knowledge to the County." Id. This court noted that the hospital's agents, including one who was a certified public accountant whose responsibilities included management of the hospital's finances and business operations, solicited the bids and "extensively negotiated" the contract.
 
 
 12
 Here, Davis had been researching and working to organize business opportunities for minority farmers for approximately five years prior to the alleged contract in dispute and thus has some knowledge of supplying agricultural products to buyers. Davis held himself out as being knowledgeable in this field as is indicated by the letter sent by Flagstar's employee Gene Harris to Davis less than two weeks after their January 1995 meeting. The letter was addressed to "Mr. Larry Davis" of "The Davis Group," referred to Davis' "company" and included detailed specifications regarding the defendants' requirements for agricultural products. We can only assume that such specifications were sent to Davis with the understanding that he would know how to interpret and use them in responding to the defendant's needs.
 
 
 13
 Our decision today does not reflect any opinion as to whether a contract was formed, or whether the writings between the parties constituted the written confirmation required by 5/2-201. Nor is our decision intended to pass judgment on the merits of Davis' claims or the defendants' other defenses. We conclude only that the district court erred in finding Davis was not a merchant for purposes of the merchant exception to the statute of frauds.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The defendants claim in their response to the plaintiff's motion for summary judgment that neither party is a merchant. However, on appeal it appears that the defendants' sole argument is that Davis is not a merchant
 
 
 [2]
 Although not directly on point, the definition of merchant was addressed by the Illinois courts in the following cases: Sierens v. Clausen, 328 N.E.2d 559 (Ill.1975) (farmer who had been engaged in farming for thirty-four years and who had been selling his crops to a grain elevator for five years in cash and futures sales was a merchant); Campbell v. Yokel, 313 N.E.2d 628 (Ill.App.Ct.1974) (farmers "who were in the business of growing soybeans and other grains and selling their crops to grain companies .... should be considered merchants with respect to such sales" because he deals in the goods of the kind involved in the transaction); Oloffson v. Coomer, 296 N.E.2d 871 (Ill.App.Ct.1973) (grain dealer who was in the business of merchandising grain was grain dealer while farmer who was merely in the business of growing was not merchant)
 
 
 [3]
 But see Chisolm v. Cleveland, 741 S.W.2d 619, 620 (Tex.App.1987) (dairy farmer who had never bought or sold green chop and had only bought other types of feed occasionally held not to be a merchant because the evidence established that "the plaintiff is a casual or inexperienced buyer, not that he was a professional buyer or seller of green chop, or any other kind of cattle feed."); Sea Harvest. Inc. v. Rig & Crane Equip. Corp., 436 A.2d 553, 557-58 (N.J.Super.Ct. Ch. Div.1981) (in secured transaction dispute, holding that plaintiff who bought and sold crane and truck equipment did not have "any familiarity with financing arrangements involving security agreements or financing statements" and thus was not a merchant)