357 So.2d 119 (1978)
NEW HAMPSHIRE INSURANCE COMPANY
v.
Gladys W. SMITH.
No. 50201.
Supreme Court of Mississippi.
April 5, 1978.
*120 Downey & Jennings, John H. Downey, Jackson, for appellant.
Michael J. Malouf, Jackson, for appellee.
Before SMITH, LEE and COFER, JJ.
LEE, Justice, for the Court:
New Hampshire Insurance Company has appealed from a judgment of the Circuit Court, First Judicial District of Hinds County, in favor of Gladys W. Smith, for actual damages in the sum of five hundred dollars ($500.00) and punitive damages in the sum of thirty-five hundred dollars ($3,500). The following errors are assigned in the trial below:
(1) The court erred in refusing appellant's request for a peremptory instruction and in overruling appellant's motion for judgment n.o.v.
(2) The court erred in submitting to the jury the issue of punitive damages and in refusing appellant's requested peremptory instruction on that issue.
(3) The court erred in granting appellee's Instructions P-11, P-13 and P-14, and in refusing appellant's requested Instruction D-4.
Appellee injured her back on January 25, 1976, while helping move an invalid neighbor, Mrs. J.M. Middleton, who had fallen in her (Middleton's) home. Appellee was admitted to the hospital by Dr. Willard Boggan and was confined there fourteen (14) days. Appellant had previously issued to Mrs. Middleton a comprehensive insurance policy covering the premises, which, among other provisions, provided five hundred dollars ($500.00) medical payment for injuries sustained by anyone on the premises and twenty-five thousand dollars ($25,000) liability coverage.
On February 5, 1976, appellee notified appellant of her medical claim, and on that date appellant retained Grant Adjustment Agency to investigate the matter. On February 23, 1976, Grant reported to appellant that appellee had hurt her back trying to help Mrs. Middleton from the floor. It was further reported that appellee became upset when she was told that the maximum medical coverage in the policy was $500.00. She informed Grant that she expected her entire bills to be paid and that she would not submit any bills unless all were paid. On February 24, 1976, appellant requested Grant to contact appellee again and advise her that, if she would submit her bills, they would be paid to the extent of $500.00.
Appellee retained an attorney to represent her on a claim for personal injuries against Mrs. Middleton under the liability provision of the policy. The attorney discussed the medical payment clause of $500.00 with appellant and requested that such amount be forwarded to him. He further advised appellant that a liability suit was being filed for personal injuries sustained by appellee.
A short time prior to August 28, 1976, the deposition of appellee was taken by appellant *121 in the pending personal injury action, and it was discovered that Dr. William B. Thompson, an orthopedic surgeon, had examined her. She stated in the deposition that she had sustained two fractured vertebrae. On August 28, 1976, appellant received from appellee's attorney a medical report prepared by Dr. Boggan, dated April 19, 1975 (sic), in which he described injuries sustained by her on January 25, 1976.
The present case was filed September 20, 1976, only twenty (20) days after appellant received Dr. Boggan's medical report. Appellee sought actual damages and punitive damages for the willful, intentional and malicious refusal of appellant to comply with the provisions of the policy. Appellant denied liability for the amounts sued on, and affirmatively pled the policy provisions which required claimant to furnish medical reports or authorizations for the company to consult with physicians attending claimant. On the date of trial, appellee filed a reply to the affirmative defenses stating that appellant had waived its right to medical reports and medical authorizations. There was a great deal of contact between appellant and appellee and their attorneys from the date of injury until trial date of the present case. The record indicates that the greatest interest and concern of the parties and their attorneys were directed toward the personal injury claim and suit rather than the $500.00 medical payment.
Clear and convincing evidence is required to establish waiver of important provisions of an insurance contract [Michigan Mutual Insurance Co. v. Lindsey, 285 So.2d 908 (Miss. 1973)], and we are of the opinion that the proof was insufficient to establish such a waiver in the present case. The fact that appellee furnished appellant a copy of Dr. Boggan's medical report on August 28, 1976, which had been in her possession since April 19, 1976, is indicative that appellee did not then consider appellant had waived the medical authorization provision of the policy. Appellant strongly contends that it was entitled either to a copy of Dr. Thompson's report or to an authorization for it to consult with Dr. Thompson regarding appellee's injuries, or both, with which contention we agree. Punitive damages are not recoverable for a breach of contract unless such breach is attended by intentional wrong, insult, abuse or such gross negligence as to consist of an independent tort. Lincoln Nat. Life Ins. Co. v. Crews, 341 So.2d 1321 (Miss. 1977); Progressive Casualty Insurance Company v. Keys, 317 So.2d 396 (Miss. 1975). The proof in the present case does not reach the standard stated in the above cases, and the lower court erred in refusing to grant appellant a peremptory instruction on the issue of punitive damages.
The evidence is undisputed that appellant admitted it owed the maximum sum of $500.00 to appellee and that it would pay said amount when medical bills were received substantiating the claim. The medical bills furnished appellant and admitted in evidence at the trial were in excess of two thousand dollars ($2,000). Appellee was hospitalized fourteen (14) days immediately following her injury. The medical report of Dr. Boggan [See Appendix] was furnished appellant August 28, 1976, and was introduced in evidence at the trial of the case. The evidence is overwhelming that appellee was injured on the premises covered by the policy and that she sustained medical expenses in excess of $500.00 as a result of said injuries. We are of the opinion that the trial court was correct in overruling the requested peremptory instruction on actual damages, and that the case should be affirmed as to such damages.
In view of the conclusion reached hereinabove, it is not necessary to discuss assigned Error No. 3 relating to instructions.
AFFIRMED AS TO ACTUAL DAMAGES; REVERSED AND RENDERED AS TO PUNITIVE DAMAGES.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.

*122 APPENDIX
 WILLARD H. BOGGAN, M.D.
 JAMES P. HOLLOWAY, M.D.
 University Plaza
 500-M East Woodrow Wilson
 Jackson, Mississippi 39216
Internal Medicine
 April 19, 1975
Mr. Michael J. Malouf
126 South President St
Jackson, Miss.
 RE: Mrs. J.W. (Gladys) Smith
Dear Sir:
 On January 25, 1976 Mrs. Smith was lifting a friend and
sustained a severe pain in the lumbar area, a slipping type of
sensation following which she had excruciating pain requiring
hospitalization. X-ray studies there do show evidence of mild
compression and disease of lumbar area. I feel that she did
sustain very definite severe lumbar strain from which she
continues to have pain and is under skeletal muscle relaxants and
sedation. In all probability she will continue to have symptoms
for some several months.
 Very truly yours,
 /s/ Willard H. Boggan
 WILLARD H. BOGGAN, M.D.
WHB/sl