Ray J. SULLIVAN, Plaintiff-Appellant,

v.

AMERICAN MOTORIST INSURANCE
COMPANY, Defendant-Appellee.

No. 79–1939
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 1979.

Wayne E. Ferrell, Jr., Jackson, Miss., for plaintiff-appellant.

Swift, Currie, McGhee & Hiers, Clayton H. Farnham, Atlanta, Ga., for defendant-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

VANCE, Circuit Judge:

Ray J. Sullivan brought suit to recover fire insurance proceeds that his insurer had denied for his destroyed bulldozer. The district court ruled against recovery because it determined that Sullivan had started the fire. We affirm.

The fire occurred on August 3 or 4, 1976, in Mississippi. Sullivan filed a claim with American Motorist Insurance Co., which had issued a fire insurance policy on the bulldozer, for the full $23,500 value of the machine. He represented that the bulldozer broke down the day preceding the fire when a protruding log damaged the generator and other parts and that he towed it to a nearby area for repair. Sullivan returned the next morning to find the bulldozer burned. Before any investigation took place, he moved the machine after detaching and leaving its blade.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

The insurer investigated the circumstances of the fire and denied the claim upon a determination of arson. Sullivan filed suit for the insurance proceeds in the county circuit court. Defendant removed to the district court because of diversity of citizenship. After a nonjury trial the district court found that the bulldozer was destroyed by an external fire intentionally caused by Sullivan and that its engine was incapacitated the day before the fire by internal heat damage that was not covered by the insurance policy. Sullivan appeals on the grounds (1) that he did not set the fire, (2) that the insurer is nonetheless obligated to pay, and (3) that he is at least entitled to recover the $18,000 engine replacement cost.

■ The district court's factual finding of a willful burning is not clearly erroneous. *See Williams v. Cambridge Mutual Fire Insurance Co.*, 230 F.2d 293, 296–97 (5th Cir. 1956); Fed.R.Civ.P. 52(a). Insurance company investigators found traces of unburned diesel oil and petroleum distillates in the soil underneath the site of the bulldozer fire and burn patterns from inflammable liquids along with hydrocarbon residues on the machine's blade. An expert witness in fire analysis noted that the front and sides but not the rear of the bulldozer had been burned and concluded in light of the other evidence that an external fire had intentionally been set with diesel fuel at four points. Other testimony showed that the fire was not caused by a fuel line break, an electrical short-circuit, or a battery cable spark. Evidence was introduced showing that Sullivan owned a truck for transporting diesel fuel and that he had incurred $17,000 in repairs and owed over $37,000 in installment payments on the destroyed bulldozer. The expert witness also testified that the engine damage had been caused by internal heat during the preceding day's breakdown. The fire insurance policy did not cover that type of heat damage; so Sullivan had a useless machine requiring a new $18,000 engine. This and Sullivan's business losses furnish sufficient motive for willful burning, and the desolate rural area and his truck for transporting diesel fuel

provide sufficient opportunity. *See generally National Ben Franklin Fire Ins. Co. v. Stuckey*, 79 F.2d 631, 633–34 (5th Cir. 1935); *Miele v. Boston Insurance Co.*, 288 F.2d 178 (8th Cir. 1961). The record also contains substantial evidence showing personal involvement of Sullivan or his agent in the events surrounding the fire. *See Orient Ins. Co. v. Parkhill*, 170 F.2d 510, 511 (5th Cir. 1948). After careful consideration of appellant's responses, we conclude that substantial evidence supports the district court finding. *See generally Williams v. Cambridge Mutual Fire Insurance Co.*, 230 F.2d at 296–97.

■ Under Mississippi law, willful incendiarism by the owner is a defense to the liability of an insurer. *Williams v. Cambridge Mutual Fire Insurance Co.*, 230 F.2d at 294; *see Brower v. State*, 217 Miss. 425, 431–32, 64 So.2d 576, 579 (1953). This holds true even if, as here, the insurance policy does not specifically exclude coverage for willful burning, because its encouragement would violate public policy. 18 R. Anderson, *Couch Cyclopedia of Insurance Law* § 74:660, at 584 (2d ed. 1968); *see Ritter v. Mutual Life Ins. Co.*, 169 U.S. 139, 153–54, 18 S.Ct. 300, 42 L.Ed. 693 (1898).

■ The appellant cannot recover for the heat damage of the prior day, which involves the replacement cost of about $18,000, for the destroyed engine. Under the policy's terms, it "does not insure against . . . (h) Loss or damage . . . resulting from . . . mechanical failure or breakdown; unless fire or explosion ensues and then only for the loss caused by such ensuing fire or explosion . . . ." The district court had substantial evidence for its conclusions that the external fire did not result from the prior day's breakdown and, because the expert witness attributed the engine damage to internal heat from mechanical failure, that the engine destruction did not occur in the fire set by Sullivan.

AFFIRMED.