954 So.2d 514 (2007)
Jimmy HUTSON, Appellant
v.
STATE FARM FIRE & CASUALTY COMPANY, Appellee.
No. 2005-CA-01742-COA.
Court of Appeals of Mississippi.
April 17, 2007.
*515 Lara E. Gill, Ronald Keith Foreman, John Mark Franklin, attorneys for appellant.
Samuel Huntley Williford, Reeve G. Jacobus, Ridgeland, attorneys for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
BARNES, J., for the Court.
¶ 1. State Farm filed a complaint in the Hinds County Court as subrogee to the rights of Joy Hutson, whose husband and coinsured under a State Farm homeowner's policy, Jimmy Hutson, intentionally destroyed property covered under that policy. The county court jury rendered a verdict in favor of State Farm, and the Circuit Court of the First Judicial District of Hinds County subsequently affirmed. Aggrieved by the judgment of the circuit and county courts, Mr. Hutson now appeals, *516 asserting that the anti-subrogation rule precludes recovery by an insurer against its insured or coinsured. Finding no reversible error in the judgments below, we affirm.

SUMMARY OF FACTS
¶ 2. The modicum of facts underlying this case are essentially undisputed. Jimmy and Joy Hutson were married, but living apart, during the period of time relevant to this appeal. The Hutsons were both named insureds under a homeowners policy issued by State Farm Fire & Casualty Company ("State Farm"). This policy covered damage to the dwelling and contents of the Hutsons' marital home and was in effect on August 29, 1998, the day the property damage at issue in this case occurred. Approximately two weeks prior to this date, Mr. Hutson left the marital home and was residing apart from Ms. Hutson, who remained at the insured residence. In the interim, Ms. Hutson changed the locks on all the doors to the house to prevent Mr. Hutson from accessing the home.
¶ 3. On the night of August 29, 1998, Mr. Hutson went to Ms. Hutson's residence and, noticing that no one was there, attempted to gain access using his house key. Upon learning that the locks had been changed, Mr. Hutson kicked in an exterior door and went inside the house, damaging furniture, antiques, and other personal items belonging to Ms. Hutson. Mr. Hutson also gathered several items of Ms. Hutson's clothing, took them outside, and set them on fire. Ms. Hutson filed a claim with State Farm under the homeowners policy for the damage to the dwelling and contents of the house. Because of the pending divorce between the Hutsons and the uncertain property settlement that could result thereto, State Farm interpled the insurance proceeds into the registry of the chancery court where the divorce was pending. The chancery court determined that Ms. Hutson was entitled to the entire amount interpled by State Farm, which consisted of $2,497.81 paid for damage done to the dwelling and $4,340.76 for contents damage.
¶ 4. State Farm subsequently filed suit in Hinds County Court against Mr. Hutson as subrogee to the claim Ms. Hutson had against Mr. Hutson for the intentional destruction of her property. State Farm prayed for the entire amount of $6,838.57, representing the amounts paid for damage done to the dwelling as well as for damage done to the contents of the dwelling; the jury, however, awarded State Farm only $2,170.38, representing an amount the jury determined to be attributable to the damage done to Ms. Hutson's property, as distinguished from mutually owned property.[1] Mr. Hutson timely filed this appeal, arguing that the anti-subrogation rule prohibits an insurer from recovering from its insureds. Mr. Hutson does not dispute that he intentionally destroyed property covered under the policy, nor does he dispute that State Farm was obligated under the policy to pay Ms. Hutson's claim. Rather, Mr. Hutson contends that as a coinsured under the homeowners policy at issue, State Farm's subrogation claim against him was prohibited by the anti-subrogation rule. Finding no merit in Mr. Hutson's argument, we affirm.

STANDARD OF REVIEW
¶ 5. Whether an insurer may subrogate to the claim one insured has against a coinsured is a question of law. We *517 review questions of law, including questions regarding the construction and interpretation of subrogation clauses in insurance contracts, de novo. Capital City Ins. Co. v. Ringgold Timber Co., Inc., 898 So.2d 680, 681-82(¶ 4) (Miss.Ct.App.2004) (citing Warwick v. Gautier Utility Dist., 738 So.2d 212, 215(¶ 8) (Miss.1999)).

DISCUSSION
¶ 6. The matter before this Court appears to raise an issue of first impression in Mississippi. Particularly, whether the anti-subrogation rule would bar a subrogation claim under the facts presented is a question that has not been answered by either this Court or by the Mississippi Supreme Court. Other jurisdictions have, however, addressed similar issues in analogous circumstances. It is upon these authorities that we base our decision affirming the judgment of the courts below. In support of our decision, we will begin by discussing the general law of subrogation and whether the requirements for subrogation were met in the instant case. We will then discuss the anti-subrogation rule and the various arguments advanced by Mr. Hutson in support of his contention that the rule is applicable to the case sub judice.
I. WHETHER THE REQUIREMENTS FOR SUBROGATION WERE MET IN THIS CASE
¶ 7. Subrogation has been defined by the Mississippi Supreme Court as follows:
Subrogation is the substitution of one person in the place of another, whether as a creditor or as the possessor of any rightful claim, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and to its rights, remedies, or securities.
Ellis v. Powe, 645 So.2d 947, 951 (Miss. 1994) (quoting St. Paul Prop. & Liab. Ins. Co. v. Nance, 577 So.2d 1238, 1240-41 (Miss.1991)). The subrogee "steps into the shoes of the subrogor" with respect to the debt or claim. Id. (citing Nance, 577 So.2d at 1241). Subrogation "is a creature of equity, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in equity and good conscience, ought to pay it." Oxford Prod. Credit Ass'n v. Bank of Oxford, 196 Miss. 50, 67, 16 So.2d 384, 388 (1944).
¶ 8. With respect to the damage caused to Ms. Hutson's property, if Ms. Hutson could have maintained an action against Mr. Hutson to recover damages, then State Farm presumptively had the right, pursuant to the subrogation clause contained in the Hutsons' homeowners policy, to "step into the shoes" of Ms. Hutson and maintain an action to recover for the claim which State Farm was obligated to pay. Mr. Hutson does not challenge the legal sufficiency of the substantive causes of action underlying the subrogation claim, nor does he challenge the factual determination reached by the jury in itemizing and segregating the claim paid by State Farm.[2] Instead, Mr. Hutson argues that the anti-subrogation rule prohibits an insurer from subrogating against an insured or coinsured, and he argues further that this rule is applicable to the instant case. For reasons that we will now discuss, we find Mr. Hutson's argument to be without merit.
*518 II. WHETHER THE ANTI-SUBROGATION RULE IS APPLICABLE TO THE FACTS OF THIS CASE
¶ 9. Although not universally referred to as the "anti-subrogation rule," the rule itself embodies a principle which is widely accepted in the area of insurance law. As stated by Professor Jeffrey Jackson in his treatise on Mississippi Insurance Law & Practice, "an insurer which compensates its insured under an insurance policy requirement may not then pursue the insured under subrogation on the grounds that the insured, through negligence, was the cause of the compensated injuries." Jeffrey Jackson, Miss. Ins. L. & P. § 13:14 (MLI Press 2001). Stated differently, an "insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered . . . even where the insured has expressly agreed to indemnify the party from whom the insurer's rights are derived." ELRAC, Inc. v. Ward, 96 N.Y.2d 58, 76, 724 N.Y.S.2d 692, 748 N.E.2d 1 (N.Y.2001) (quoting Pennsylvania Gen. Ins. Co. v. Austin Powder Co., 68 N.Y.2d 465, 468, 510 N.Y.S.2d 67, 502 N.E.2d 982 (N.Y.1986)). While we acknowledge the overwhelming support for the principles underlying the anti-subrogation rule, we are not persuaded that its application is warranted in the instant case.
¶ 10. In holding that subrogation was appropriately allowed in the instant case, we are careful to distinguish the facts of this case from the usual circumstances governed by the anti-subrogation rule, where "[t]o allow subrogation . . . would permit an insurer, in effect, to pass the incidence of the loss . . . from itself to its own insured and thus avoid the coverage which its insured purchased." Home Ins. Co. v. Pinski Bros., 160 Mont. 219, 500 P.2d 945, 949 (1972). As will be shown, State Farm did not assume the risk that its own insured, Mr. Hutson, would intentionally damage the insured property.[3] Accordingly, State Farm paid the property loss claim at issue not because of Mr. Hutson's status as an insured, but because of Ms. Hutson's status as an insured under the homeowners policy.
¶ 11. Mr. Hutson cites authority from various jurisdictions to support his argument. In Union Mutual Fire Insurance Co. v. Joerg, 175 Vt. 196, 824 A.2d 586 (2003), the Vermont Supreme Court acknowledged that "`an insurer cannot recover by means of subrogation against its own insured' . . . [and][t]his prohibition extends to coinsureds under the policy, both express and implied." Id. at 589 (quoting Peterson v. Silva, 428 Mass. 751, 704 N.E.2d 1163, 1164 (1999)). While we do not question the statement of law contained in Joerg, we note that the factual circumstances and the issues presented in that case are not analogous to the facts and issues presented in the instant case. The property damages at issue in Joerg were negligently caused by a tenant of the insured landlord, and the principal issue was whether the tenant was a coinsured under the landlord's policy. The Joerg court held that "where a lease requires the landlord to carry fire insurance on the leased premises, . . . the tenant is deemed a coinsured under the landlord's insurance policy and is protected against subrogation claims by the landlord's insurer." Id. at 591. Finding that the lease at issue contained *519 such a requirement, the Vermont Supreme Court held the tenant to be a coinsured and thus not subject to a subrogation claim. Id. at 591-92. Unlike the situation in Joerg involving a negligent act and implied coverage, the case sub judice involves intentional acts and express coverage. Mr. Hutson cites numerous other authorities from various jurisdictions which invariably support the anti-subrogation rule, but, like Joerg, are similarly inapposite due to the factual distinctions.
¶ 12. LaSalle National Bank v. Massachusetts Bay Insurance Co., 958 F.Supp. 384 (N.D.Ill.1997), however, involved analogous facts and addressed similar issues to the facts and issues before this Court. In LaSalle, the insurance companies made various payments to the insured wife for the destruction of the marital house. Id. at 385. The insurance companies refused, however, to pay the husband, claiming that he intentionally set the fire that destroyed the house. The district court considered the holdings of various state courts in determining that an insurer could subrogate against an insured arsonist. Id. at 387-89 (citing Madsen v. Threshermen's Mut. Ins. Co., 149 Wis.2d 594, 439 N.W.2d 607 (1989); Ambassador Ins. Co. v. Montes, 76 N.J. 477, 388 A.2d 603, 606-08 (1978)). In explaining this departure from the general anti-subrogation rule, the district court explained that "[a]n insurance company that dutifully honors the claims of innocent third parties should be allowed to seek reimbursement from the insured arsonist; any other rule would discourage rightful claims by innocent third parties." Id. at 387, 388 A.2d 603 (citing Ambassador, 388 A.2d at 606-07). The court pointed out, however, that this "principle makes sense only for an intentional wrongdoer (such as an arsonist), not for a negligent wrongdoer (such as [a] careless smoker)." Id. at 387 n. 6, 388 A.2d 603.
¶ 13. Mr. Hutson contends that the holding of LaSalle is inapplicable to the instant case, pointing out that the insurance policy at issue in LaSalle contained a provision excluding losses caused by the intentional acts of an insured. The State Farm policy at issue in the instant case provided coverage for "willful and malicious damage to or destruction of property" and excluded coverage for intentional loss to property only if that loss was caused "for the purpose of obtaining insurance benefits. . . ." State Farm does not dispute Mr. Hutson's assertion that he did not cause property damage for the purpose of obtaining insurance benefits. Accordingly, Ms. Hutson was entitled to coverage for the "willful and malicious damage" to her property caused by Mr. Hutson;[4] however, Mr. Hutson was not entitled to coverage for his intentional acts, despite the absence of an express exclusion. Our supreme court has stated that "[u]nder Mississippi law, willful incendiarism by an insured is a defense to the insurer's liability . . . even if the insurance policy does not expressly exclude coverage for wilful burning." McGory v. Allstate Ins. Co., 527 So.2d 632, 634 (Miss.1988) (citing Davidson v. State Farm Fire & Cas. Co., 641 F.Supp. 503, 507 (N.D.Miss. 1986); Sullivan v. Am. Motorist Ins. Co., 605 F.2d 169, 170 (5th Cir.1979)); see also 5-143 Appleman on Ins. § 3113 (stating that "the insured's willful burning of the property would be an absolute defense to an action upon the policy"). We therefore *520 find Mr. Hutson's attempt to distinguish the facts of LaSalle unpersuasive.
¶ 14. Our decision to adopt the reasoning of the court in LaSalle is not affected by Mr. Hutson's argument "that subrogation exists only with respect to rights of the insurer against third persons to whom the insurer owes no duty." Allstate Ins. Co. v. LaRandeau, 261 Neb. 242, 622 N.W.2d 646, 650 (2001). Again, we note that Mr. Hutson recites a generally accepted principle of insurance law; however, this principle is not applicable to the case sub judice. As between Ms. Hutson and State Farm, Mr. Hutson was a third party to whom State Farm owed no duty. The foregoing discussion of our supreme court's holding in McGory demonstrates that Mr. Hutson's intentional acts foreclosed any duty State Farm may have owed to Mr. Hutson under the policy with respect to the intentionally damaged property. Cf. id. (finding that insured husband was a third party to the relationship between insurer and coinsured wife because husband's intentional acts absolved insurer of any duty to him). Accordingly, State Farm owed no duty to Mr. Hutson which would preclude State Farm's subrogation claim under the facts of this case. We find Mr. Hutson's argument to the contrary to be without merit.
¶ 15. We also find unpersuasive Mr. Hutson's argument that "[s]ubrogation by an insurer against its insured on a covered claim creates a conflict of interest." While this statement may be correct on its face, it is simply not applicable to the facts of the instant case. First, as has been discussed, Mr. Hutson was not entitled to first party coverage for the intentional destruction of his property. If Mr. Hutson had filed a claim to recover for the damage that he caused, State Farm would not have been obligated to pay. See McGory, 527 So.2d at 634 (holding no coverage for damage from intentional fire despite absence of express exclusion). Second, Mr. Hutson's argument regarding State Farm's obligation "to indemnify up to the limits of the policy all sums the insured becomes legally obligated to pay" is wholly without merit. The State Farm homeowners policy at issue includes the following exclusion from liability coverage:
1. Coverage L [personal liability] and Coverage M [medical payments to others] do not apply to:
a. bodily injury or property damage:
(1) which is either expected or intended by an insured. . . .
Because Mr. Hutson intended the damage to Ms. Hutson's property, he would not be entitled to either personal liability coverage from State Farm or to a defense provided at State Farm's expense. Simply stated, State Farm paid the claim at issue pursuant to Ms. Hutson's first party property coverage, not because of Mr. Hutson's liability coverage. As to Mr. Hutson, State Farm had no duty to cover the intentional property damage, based on either a first party property claim or a third party liability claim. Accordingly, we find no potential for conflict where an insurer is allowed to subrogate against a coinsured for a claim that, as to that coinsured, is not covered by the policy.
¶ 16. As noted above, Joerg and other cases cited by Mr. Hutson involved negligence rather than intentional damage to property. Finding no Mississippi authority on point, we find the holding of the United States District Court for the Northern District of Illinois in LaSalle National Bank v. Massachusetts Bay Insurance Co., 958 F.Supp. 384 (N.D.Ill.1997) to be persuasive. The facts and issues underlying LaSalle are analogous to the facts and issues presented in the instant case. Furthermore, allowing State Farm to recover for amounts paid covering the *521 damages intentionally caused by Mr. Hutson does not offend the general principles of insurance law embodied by the anti-subrogation rule, and promotes the equitable purposes of subrogation. According to our supreme court, subrogation "is a creature of equity, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in equity and good conscience, ought to pay it." Oxford Prod. Credit Ass'n v. Bank of Oxford, 196 Miss. 50, 67, 16 So.2d 384, 388 (1944). We find that "equity and good conscience" certainly supports our decision to allow subrogation against an intentional tortfeasor, Mr. Hutson.

CONCLUSION
¶ 17. For the reasons set forth above, we find that State Farm was properly allowed to maintain its subrogation claim against Jimmy Hutson. Accordingly, we find no reversible error and affirm the judgment of the circuit court.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.
NOTES
[1] State Farm has not cross-appealed the judgment awarding a lower damage amount than the amount originally prayed for.
[2] The jury at the trial on the merits of this case was instructed to determine which of the destroyed items, if any, belonged to Ms. Hutson. The jury awarded damages based only on the amount of loss to these items, segregating the damages caused to Ms. Hutson's personal property from damages to property owned mutually with Mr. Hutson or owned by him exclusively.
[3] As will be discussed more fully below, Mississippi adheres to the principle that willful destruction of property by an insured is a defense to the insurer's liability, despite the absence of an express exclusion to this effect. Also discussed below is a provision in the policy at issue which expressly excludes liability coverage for intentional acts by an insured.
[4] The issue of whether Ms. Hutson would have been entitled to coverage as an "innocent spouse" if Mr. Hutson had intentionally destroyed the insured property for the purposes of obtaining insurance proceeds was not presented for our review. Accordingly, we do not express any opinion as to that issue, and our holding should not be construed as doing so.