GRIFFIS, J„
for the Court:
¶ 1. Mississippi Farm Bureau Casualty Insurance Company sued to recover payments made to Barbara Armstrong and Robert M. Hill to cover medical expenses resulting from an automobile accident. The Alcorn County Circuit Court granted summary judgment to Farm Bureau. On appeal, Armstrong and Hill argue the circuit court was in error. They argue that Farm Bureau could not recover because they were not made whole and that Farm Bureau could . not recover because it waived its right to recovery.
FACTS
¶ 2. In the fall of 2006, Armstrong and Hill were in Armstrong’s pickup truck. Hill was driving, and Armstrong was in the passenger seat. While stopped at a traffic light, they were struck from behind by a delivery truck owned by Flowers Baking Company and driven by a Flowers’ employee. In the months following the accident, Armstrong and Hill were treated for injuries resulting from the accident.
¶ 3. Armstrong, as the owner of the pickup truck, had an automobile insurance policy with Farm Bureau. Pursuant to the policy, Farm Bureau covered Armstrong’s and Hill’s medical expenses — $2,982.81 for Armstrong and $3,075.32 for Hill. These payments are the subject of this litigation.
¶ 4. Armstrong’s Farm Bureau policy contained a subrogation provision. The policy stated:
If we make a payment under this policy and the person to or for whom the payment was made has a right to recover damages from another, we shall be sub-rogated to that right.... If we make a payment under this policy and the per *190 son to or for whom payment is made recovers damages from another, that person shall: 1. Hold in trust for us the proceeds of the recovery; and 2. Reimburse us to the extent of our payment.
¶ 5. Shortly after the accident, Armstrong and Hill retained an attorney, James E. Price Jr., to represent them in the litigation against Flowers. Price wrote a letter to Farm Bureau that informed Farm Bureau of his representation. Price assured Farm Bureau that it would receive its subrogation interest if the litigation against Flowers was successful. Price stated, “[w]hen we are successful ... we will repay your subrogation claim, less your pro rata share of the attorney’s fees.”
¶ 6. Farm Bureau responded, “[a]t this time we ... will subrogate against Allstate Insurance Company, who [sic] is [the employee’s] carrier of his liability coverage.” Over the next two years, Farm Bureau sent Flowers’ liability insurer, ESIS, at least five letters demanding subrogation. ESIS never complied.
¶ 7. Meanwhile, during those two years, Price and Flowers engaged in settlement negotiations. They were unable to reach an agreement. The case proceeded to trial in the fall of 2008. At the end of trial, the jury returned verdicts in the amount of $4,411 for Armstrong and $3,735.30 for Hill.
¶8. Thereafter, Farm Bureau wrote a letter to Price that demanded Armstrong and Hill pay Farm Bureau’s subrogation interest — $6,058.03 in total — out of the judgment. Price responded and refused to comply with Farm Bureau’s demands.
¶ 9. Farm Bureau then filed suit in the Circuit Court of Alcorn County. Farm Bureau sought a judgment in the amount of $6,058.03. The parties filed cross-motions for summary judgment. The circuit court granted Farm Bureau’s motion, denied Armstrong’s and Hill’s motion, and entered a judgment in favor of Farm Bureau for the total amount of $6,058.03. It is from this judgment that Armstrong and Hill appeal.
STANDARD OF REVIEW
¶ 10. The standard of review of an order granting summary judgment is de novo. PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 49 (¶ 8) (Miss.2005) (citing Hurdle v. Holloway, 848 So.2d 183, 185 (¶4) (Miss.2003)). It is well settled that “[a] summary judgment motion is only properly granted when no genuine issue of material fact exists. The moving party has the burden of demonstrating that no genuine issue of material fact exists within the ‘pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits.’ ” Id. (internal citations omitted).
ANALYSIS

1. Did the judgment make Armstrong and Hill whole as a matter of law?

¶ 11. Armstrong and Hill argue that they should not be required to pay the subrogation lien to Farm Bureau because the judgment they received in their lawsuit against Flowers was inadequate to make them whole. In other words, they assert that their true damages were greater than the amount of the judgment, and under Mississippi law, until they are fully compensated for their injuries, they cannot be required to reimburse Farm Bureau.
¶ 12. When an insurer makes payments to an insured to cover a loss and the insured has a claim against a third party to recover for that same loss, the insurer steps into the shoes of the insured and acquires the right to recover from that third party the amount paid to the insured. *191 St. Paul Prop. and Liab. Ins. Co. v. Nance, 577 So.2d 1288, 1240-41 (Miss.1991). Subrogation can be either contractual or equitable. Id. at 1240. The purposes of subrogation are to prevent the insured from recovering twice for the same loss and to reimburse the insurer when a third party should be required to pay for the loss. 83 C.J.S. Subrogation § 3 (2000).
¶ 13. Here, Armstrong’s insurance policy granted Farm Bureau a right to contractual subrogation. The policy provided that Farm Bureau could recover from the third party, or if Armstrong recovered from the third party, she would have to hold the proceeds in trust and repay Farm Bureau. If this contract provision is given force, Farm Bureau prevails.
¶ 14. However, Mississippi has adopted the “made whole” rule. Hare v. State, 733 So.2d 277, 284 (¶ 27) (Miss.1999). Under this rule, an insurer cannot recover subrogation until the insured has been fully compensated for his losses. Id. An insurance policy cannot override this rule by contract. Id.
¶ 15. Here, Armstrong and Hill argue that the judgment they received in their claim against Flowers was insufficient to make them whole. Therefore, they contend Farm Bureau cannot recover the medical payments at issue. On the other hand, Farm Bureau claims that the judgment made Armstrong and Hill whole as a matter of law or, in other words, that Armstrong and Hill are collaterally es-topped from attacking the judgment.
¶ 16. Mississippi has yet to address this specific issue; however, some of our sister states have. These states agree with Farm Bureau and hold that, in cases like this one, a judgment obtained against a tortfeasor conclusively makes the insured whole. “An insured’s argument that it was not made whole by the amount of a court judgment has been rejected by several courts which have concluded that a jury verdict constitutes full recovery for purposes of determining whether an insurer is entitled to subrogation.” Couch on Insurance § 223:161 (3d ed.2000) (citing Tampa Port Auth. v. M/V Duchess, 65 F.Supp.2d 1299, 1302 (M.D.Fla.1997) (applying Florida law); Bartunek v. Geo. A. Hormel & Co., 2 Neb.App. 598, 513 N.W.2d 545 (1994); United Pac. Ins. Co. v. Boyd, 34 Wash.App. 372, 661 P.2d 987, 990 (1983); Rimes v. State Farm Mut. Auto. Ins. Co., 106 Wis.2d 263, 316 N.W.2d 348, 354 (1982)).
¶ 17. This is a specific application of the general rule of collateral estoppel or issue preclusion. Under the general rule, a party is precluded “from relitigating in a subsequent action a specific issue actually litigated and determined by and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action.” Lee v. Wiley Buntin Adjuster, Inc., 204 So.2d 479, 481 (Miss.1967).
¶ 18. Armstrong’s and Hill’s damages were actually litigated and decided. At their trial, the jury was instructed to award actual or compensatory damages “in an amount which will reasonably compensate for [the] loss sustained.” The instructions stated that such damages “are awarded for the purpose of making the [plaintiffs] whole again.” After hearing all of the evidence and being given those instructions, the jury returned verdicts of $4,411 for Armstrong and $3,735.30 for Hill. The jury determined these were the amounts necessary to make them whole.
¶ 19. We find that Armstrong and Hill are collaterally estopped from attacking that judgment in the present case. Therefore, Armstrong and Hill were made whole as a matter of law, and this defense to Farm Bureau’s subrogation claim fails. *192 The circuit court’s finding was correct as to this issue.

2. Did Farm Bureau waive its right to subrogation?

¶ 20. Armstrong and Hill also argue that Farm Bureau waived its right to recover subrogation from them by its conduct over the two years following the accident.
¶ 21. The Farm Bureau policy provided: “[I]f we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall: 1. Hold in trust for us the proceeds of the recovery; and 2. Reimburse us to the extent of our payment.” If this provision is enforced, Farm Bureau prevails.
¶ 22. However, an insurer can waive its right to subrogation. A waiver is “the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right.” Bellemere v. Geico Gen. Ins. Co., 977 So.2d 363, 369 (¶ 12) (Miss.Ct.App.2007) (citations omitted). “Since the right of subrogation arises for the benefit of the insurer, it may waive its right to subrogation, either by contract or by conduct inconsistent with the right of subrogation, and the waiver may be either express or implied.” Couch on Insurance § 224:139 (3d ed.2000). The party claiming the waiver of an important policy provision must prove it by clear and convincing evidence. New Hampshire Ins. Co. v. Smith, 357 So.2d 119, 121 (Miss.1978) (citing Michigan Millers Mut. Ins. Co. v. Lindsey, 285 So.2d 908, 911 (Miss.1973)).
¶ 23. Shortly after the accident, in the fall of 2006, Price wrote a letter to Farm Bureau in which he assured them that he would pay their subrogation interest after he succeeded in litigation against Flowers. Farm Bureau, by letter, responded: “At this time we ... will subrogate against Allstate Insurance Company, who is [the employee’s] carrier of his liability coverage.” Over the next two years, Farm Bureau sent at least five letters to ESIS, the liability insurer for Flowers, demanding that ESIS pay subrogation, which it never did. Meanwhile, Armstrong and Hill prosecuted their case against Flowers. Farm Bureau neither notified Price that it would demand a portion of a judgment or settlement obtained against Flowers, nor did Farm Bureau intervene in the suit after it commenced. Rather, Farm Bureau was content to pursue its subrogation interest entirely independent of the ongoing case. It was not until two years after the accident, after Price had succeeded at trial, that Farm Bureau ever asserted its right to a portion of the proceeds.
¶24. Armstrong and Hill contend that this course of conduct establishes that Farm Bureau elected to pursue subrogation exclusively against Flowers’ liability insurer and effectively waived any right to recover subrogation from them. Farm Bureau argues that it relied on Price’s assurance that it would be paid subrogation if the litigation against Flowers was successful and that its conduct was not sufficient to constitute a waiver.
¶ 25. Waiver is a fact question for the jury, unless the evidence is so clear that reasonable minds could not differ. 13 Williston on Contracts § 39:21 (4th ed.2000); See also State Farm Mut. Auto. Ins. Co. v. Lindsey, 388 So.2d 1189, 1193 (Miss.1980); Lincoln Nat’l Life Ins. Co. v. Crews, 341 So.2d 1321, 1322 (Miss.1977); Commercial Union Fire Ins. Co. v. Kelly, 144 Miss. 833, 840, 110 So. 681, 682-83 (1927). Armstrong and Hill came forward with enough evidence to survive summary judgment on this issue. For some reason, the circuit *193 court did not address waiver in its order, so we cannot determine its reasoning on this issue. However, based on the record before us, neither party has demonstrated they are entitled to judgment as a matter of law on this issue.
¶ 26. We find that this issue raises a genuine issue of material fact, and neither party was entitled to judgment as a matter of law. The circuit court’s grant of summary judgment to Farm Bureau on the issue of waiver is reversed, and this case is remanded for further proceedings consistent with this opinion.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE DIVIDED EQUALLY BETWEEN THE APPELLANTS AND THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.