JAMES, J.,
dissenting:
¶ 35. I disagree with the majority’s conclusion that MCH did not have the right to waive subrogation against BJ. Firstly, I find that the jury’s general verdict in favor of BJ could have been based on a finding that BJ was not liable for the fire; therefore, the verdict should be affirmed. Nevertheless, I find no error with Jury Instructions 17 and 20 and would affirm the judgment of the circuit court; therefore, I respectfully dissent.
¶ 36. On appeal, Charter Oak raised the following issues: (1) whether the trial court erred in giving Jury Instructions 17 and 20, which submitted questions of law to the jury; and (2) whether Charter Oak is entitled to pursue subrogation against BJ.
I. Multiple Theories
¶ 37. As a preliminary matter, I would find that the general verdict in favor of B J should be affirmed because the verdict could be sustained on a finding that BJ was not liable for the damage caused to the property. The Mississippi Supreme Court has held that “where there is a general verdict for [either party] under a declaration containing two counts leading to the same liability, such verdict is sufficient if sustained under either count.” Ill. Cent. R.R. Co. v. Brent, 133 So.3d 760, 770 (¶ 19) (Miss.2013) (citing Miss. Cent. R.R. Co. v. Aultman, 173 Miss. 622, 641, 160 So. 737, 739 (1935)). Furthermore, “[w]hen reviewing a jury verdict, this Court must consider the evidence in the light most favorable to the verdict.” Johnson v. Cumberland, 91 So.3d 646, 651 (¶ 17) (Miss.Ct.App.2012) (citing Snapp v. Harrison, 699 So.2d 567, 569 (¶ 7) (Miss.1997)).
¶ 38. Here, Charter Oak’s complaint alleged that BJ was liable for the fire that damaged the property. BJ denied that it, or its employees, was responsible for the fire. During the trial, B J offered evidence and testimony disputing their responsibility for the fire. Jury Instruction 19 provided:
[Charter Oak] must prove by a preponderance of the evidence that [BJ] violat *365 ed some legally imposed duty and ... proximately caused damages to the insured of [Charter Oak] ...[.]
[[Image here]]
If it cannot be determined by a preponderance of the evidence what caused the fire which damaged or destroyed the subject premises, then your verdict shall be for ... [B J].
Likewise, Jury Instruction 23 provided:
You should not interpret the fact that the Court has given you instructions about [Charter Oak’s] damages, if any, as an indication ... that the Court believes that [Charter Oak] should, or should not, win this case. It is your task to first decide whether [BJ] is ha-ble.
[[Image here]]
If you determine that [BJ] is not liable, then you should return a verdict in favor of the [d]efendant[,][BJ], and no consideration of damages by you is necessary.
The jury returned a general verdict in favor of BJ. Therefore, we cannot know for certain whether the jury based its decision upon a finding that BJ was not liable for the fire, that BJ was an insured under the policy, or that Charter Oak waived its right to subrogation. However, because the verdict could be sustained on the theory that B J was not responsible for starting the fire and was not liable for the resulting damage and loss, I see no reason to disturb the jury’s verdict. Therefore, I would affirm.
II. Jury Instructions 17 and 20
¶ 39. Charter Oak asserts that the trial court erred in giving Jury Instructions 17 and 20, arguing that the instructions submitted questions of law to the jury. I disagree.
¶ 40. Jury instructions are the statements of the law governing the case, and “[i]t is the trial judge’s duty to properly instruct the jury on controlling principles of Mississippi law.” Busby v. Anderson, 978 So.2d 670, 679 (¶ 35) (Miss.Ct.App.2006) rev’d on other grounds, 978 So.2d 637 (Miss.2008) (citing Fielder v. Magnolia Bev. Co., 757 So.2d 925 (¶ 10) (Miss.1999)). It appears that here, the trial court used standard jury instructions: “It is [trial court’s] duty to instruct you as to the law and it is [the jury’s] duty to follow these instructions.... [The jury is] to apply the law to the facts and in this way decide the case” Miss. Model Jury Instructions: Civil § 1:3 (2013). Also, “[i]t is [the jury’s] duty to determine the facts and to determine them from the evidence produced in open court.” Id. at § 1:5.
A. Jury Instruction 17
¶ 41. Charter Oak argues that Jury Instruction 17 was improper because it submitted matters of law to the jury, namely an insured’s status and an insured’s right to subrogation. Jury Instruction 17 read as follows:
You are instructed that an insurer has no right of subrogation against its own insured. If you find by a preponderance of the evidence that BJ Enterprises is an insured under the subject policy, then Charter Oak Fire Insurance Company has no right of subrogation in this cause and your verdict shall be for the Defendant!,] BJ Enterprises of Mississippi, LLC.
¶ 42. Subrogation has been defined as the “substitution of one person in the place of another, whether as a creditor or as the possessor of any rightful claim, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and to its rights, remedies, or securities.” Hutson v. State Farm Fire & Cas. Co., 954 So.2d 514, 517 (¶ 7) (Miss.Ct.App.2007) (quoting Ellis v. Powe, 645 So.2d 947, 951 (Miss.1994)). “The subrogee steps into the *366 shoes of the subrogor with respect to the debt or claim.” Id. Subrogation “is a creature of equity, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in equity and good conscience, ought to pay it.” Id. (quoting Oxford Prod. Credit Ass’n v. Bank of Oxford, 196 Miss. 50, 67, 16 So.2d 884, 388 (1944)). The subrogee “steps into the shoes of the subrogor and obtains only those rights possessed by the subrogor and assigned to the subrogee.” Ellis v. Powe, 645 So.2d 947, 951 (Miss.1994). Finally, “whether an insurer may subrogate to the claim one insured has against a coinsured is a question of law.” Hutson, 954 So.2d at 516 (¶ 5).
¶43. Although whether an insurer’s right to subrogate is a question of law, here, the jury was presented with a mixed question of law and fact. In Thomas v. Jones, 28 So.3d 575, 579 (¶ 15) (Miss.Ct. App.2009), we held that a genuine issue of material fact existed as to whether a party was an insured at the time of injury, thus precluding summary judgment. Therefore, the status of an insured can be a question of fact for the jury to determine. Here, the trial court correctly instructed the jury that an insurer has no right to subrogation against its own insured. The jury was then charged with determining the factual issue of whether BJ was an insured under the policy. Accordingly, I find no error in Jury Instruction 17.
B. Jury Instruction 20
¶44. Jury Instruction 20 read: “The Court instructs the jury that if you find by a preponderance of the evidence that MCH waived Charter Oaks’ rights to sue the Defendant to recover money it paid under the policy, then your verdict must be for the Defendant.” Charter Oak argues that this instruction was improper because “the issue of Charter Oak’s right to subrogation is a question of law.” I disagree with Charter Oak’s reading of this instruction and find that the instruction properly pertained to waiver.
¶ 45. Although the question of whether an insurer may subrogate to the claim that one insured has against a coinsured is a question of law, waiver is a question of fact for the jury. Armstrong v. Miss. Farm Bureau Cas. Ins. Co., 66 So.3d 188, 192 (¶ 25) (Miss.Ct.App.2011). An insurer can waive its right to subrogation. Id. at (¶ 22). Waiver of subrogation is “the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right.” Id. (quoting Bellemere v. Geico Gen. Ins. Co., 977 So.2d 363, 369 (¶ 12) (Miss.Ct.App.2007)). “Since the right of subrogation arises for the benefit of the insurer, it may waive its right to subrogation, either by contract or by conduct inconsistent with the right of subro-gation, and the waiver may be either express or implied.” Id. A “party claiming the waiver of an important policy provision must prove it by clear and convincing evidence.” Id. at 192 (¶ 22) (citing N.H. Ins. Co. v. Smith, 357 So.2d 119, 121 (Miss.1978)). Finally, we have held that a defendant is entitled to have jury instructions given which present his theory of the case. Burr v. Miss. Baptist Med. Ctr., 909 So.2d 721, 726 (¶ 12) (Miss.2005) (quoting Nunnally v. R.J. Reynolds Tobacco Co., 869 So.2d 373, 378 (¶ 7) (Miss.2004)).
¶ 46. During trial, B J raised waiver as a defense, pointing to the policy provision of the insurance policy titled “Transfer of Rights of Recovery Against Others to Us.” Relying on this provision, Harrell and Williams executed a “Statement and Declaration of Waiver of Rights” to waive *367 subrogation against their tenants and related companies.[1] I find that BJ presented ample evidence justifying an instruction as to waiver. Although Charter Oak attempts to characterize the issue as one pertaining to a matter of law, waiver is an issue of fact. Thus, I find that the trial court did not err in giving Jury Instruction 20.
¶ 47. Charter Oak next argues that it should be entitled to pursue subrogation against BJ. The jury returned a general verdict in favor of B J. Because I find that the jury was properly instructed, and BJ presented sufficient evidence of waiver to support the jury’s verdict, I find this issue to be without merit.
¶ 48. I find no error in the trial court’s instructions to the jury and therefore do not find it necessary to address Charter Oak’s remaining assignment of error. I would affirm the trial court’s judgment. Accordingly, I respectfully dissent.
FAIR, J., JOINS THIS OPINION.

. For the policy provision and the declaration, see paragraphs 19 and 12 of the majority opinion.